## TREXLER vs. THE STATE.

1. An indictment for an assault with intent to murder, must state the facts which constitute the assault.

ERROR to the Circuit Court of Chambers. Tried before the Hon. E. Pickens.

RICE, for the plaintiff in error.

1. An indictment for assault with intent to murder, does not charge a felony, unless it alleges the means of the assault.—Beasley v. The State, Jan. Term, 1851.

2. But although, such indictment cannot be held good for felony, yet a demurrer to it could not be sustained, if, as in this case, it clearly charges an assault; and the proper judgment on a verdict under such indictment, finding the defendant "guilty as charged," is for a misdemeanor (to-wit: an assault.)—The State v. Burns, 8 Ala. Rep. 313; Nancy v. The State, 6 Ala. Rep. 483; Nabors v. The State, 6 Ala. Rep. 314; The State v. Stephen, 15 Ala. Rep. 534.

3. Such verdict cannot, and does not, find any more than is legally charged in the indictment, but it does find that much, and the court is bound to render the judgment of law upon the finding.

4. Although by the common law a judgment for a misdemeanor might not in all cases be rendered on an indictment for a felony, when the verdict only found a misdemeanor, yet our penal code requires this to be done.—Clay's Dig. 442, § 26; Ib. 439, § 12; Ib. 441, § 23.

5. The omission to assess a fine does not vitiate the verdict. If it be necessary to assess a fine, it may be assessed hereafter. Boyd v. Gilchrist, 15 Ala. R. 856.

6. The omission to assess the fine does not vitiate the verdict, because it does ascertain the guilt the defendant of an offence; and the court may enter judgment on it.—State v. Nancy, 6 Ala.

ATTORNEY GENERAL, for the State:

It is conceded that this case must be reversed on the authority of the case of the State v. Beasley, at this term. But it is con-

tended for the defence, that as there is a good count in the indictment for an assault and battery, the verdict is presumed to be upon that count, and that the court below should have passed sentence on the count; and, as the Circuit Court refused to pass sentence on that count, this court must reverse the case in part only, and ·send it back for the court below, ·to render the proper sentence· on the assault·and battery. ·

1. The verdict was, "we the jury find the defendant guilty as charged," clearly meaning, of an assault with intent to murder. No fine of course was assessed. If the finding of the jury ·was for an assault and battery, they should have assessed the fine.—Clay's Dig. 441, § 21. As they did not, the verdict is imperfect and void, and no sentence can be passed by the court, and the case must be reversed *in toto*.

2. When a judgment in a criminal case is entire, and a writ of error is brought to reverse it, where it is erroneous in part only, it must be wholly reversed.—Christain v. Com. 5 Met. 530; Sheppard v. Com. 2 Ib. 419; Stephens v. Com. 4 Ib. 371; State v. Anderson, 1 Strob. 455.

DARGAN, C. J.—In the case of Beasley vs. The State decided at the present term, we held that in an indictment·for an assault with the intent to murder, the facts constituting the assault must be alleged, and if they are not, the indictment is defective. But if the facts constituting the assault are stated, and then it is averred that the assault was committed with the intent to murder, the indictment would be good under the statute.—Clay's Dig. 442, § 26. Applying the rule recognized by this decision, we are bound to hold the indictment in this case defective. It merely avers the assault with the intent to murder, without setting out the facts which constituted the assault.

The judgment must therefore be reversed, and the cause remanded, and the prisoner will be retained in custody, that he may be re-indicted, unless discharged by due cause of law.