## STALLS vs. THE STATE.

[INDICTMENT FOR HARBORING A RUNAWAY SLAVE.]

1. *Challenge of juror for cause on account of fixed opinion against capital or penitentiary punishment.*—On the trial of a person under an indictment for an offence which may be punished capitally or by confinement in the penitentiary, it is a good challenge for cause by the State that a juror has a fixed opinion against capital or penitentiary punishments.

2. *Right to challenge for this cause may be lost, and, when lost, cannot be revived.*—If the juror is accepted by the State, and afterwards by the prisoner, the State's right of challenge for this cause is lost, and cannot be again revived by any act of either the solicitor or the court, against the objection of the prisoner, although the existence of the cause of challenge was unknown to the solicitor and court when the juror was accepted by the State.

3. *Setting aside juror for cause of challenge, after acceptance, reversible error.*—If the court improperly set aside a juror for a cause of challenge on the part of the State which has been lost by previously accepting him, and the prisoner excepts to its decision, the error entitles him to a reversal of the judgment of conviction.

FROM the Circuit Court of Baldwin.

Tried before the Hon. C. W. RAPIER.

JOHN J. STALLS was indicted, at the November term, 1854, for harboring or concealing a runaway slave, knowing him to be a runaway, and was tried at the November term, 1855. On the trial, a bill of exceptions was sealed at his instance, which states the following facts: " After the regular panel of jurors had been exhausted, by challenges made by the State and the prisoner, one John P. Miles was summoned as a tales juror, at which time some seven or eight jurors had been selected. The said Miles, on being called, was sworn on his *voir dire*, touching his qualifications as a juror, and was asked whether he had any fixed opinion as to the guilt or innocence of the prisoner at the bar, which would bias his verdict; and answered, that he had not. The solicitor then announced himself content with said juror, and turned him over to the prisoner, who also announced himself content with him as a juror ; and the said Miles was directed to take his seat in the jury box. Then the said Miles, before taking his

3

seat, and not having been sworn as a juror, and none of the other jurors who had been accepted having been sworn, but the whole jury being under the direction of the court, suggested to the court that, at the last term, he was excused, in a similar case, because he was opposed to penitentiary punishment; and the court thereupon permitted him, against the objection of the prisoner, to be asked the question prescribed by the statute, as to his opinion on the subject of penitentiary punishment. To this ruling of the court the prisoner objected, because the said juror had been already accepted ; but the court overruled his objection, and he excepted. The said Miles answered, that he was opposed to penitentiary punishments. He was then asked by the solicitor, whether he would find a verdict for the State, if such punishment was fixed·by law to the commission of an offence, and the proof should show the party to be guilty ; to which he answered, that he supposed he would be compelled to do so, although he would not be doing justice to himself,—that he did not think a person ought to be put in the penitentiary for a long time, say, for instance, fifteen years, or for life. The court then directed that the juror should be asked the question prescribed in the Code ; and the juror answered, that he had a fixed opinion against penitentiary punishments. The court then directed the said Miles to stand aside ; to which ruling of the court the prisoner excepted."

No errors are assigned on the record.

O. S. Jewett, C. P. Robinson, and H. Chamberlain, for the prisoner, contended that the court erred in setting aside the juror, and cited the following cases : Hines v. The State, 8 Humph. 597; Williams v. The State, 3 Stew. 473; Stone v. The People, 2 Scam. 337; Ephraim v. The State, 2 Dev. & Bat. 165; Commonwealth v. Lesher, 17 Serg. & R. 160; Coxe's (N. J.) R. 220; The State v. Potter, 18 Conn. 166; Commonwealth v. Webster, 5 Cushing's R. 295; Pierce v. The State, 13 N. H. 557.

M. A. Baldwin, Attorney General, contra, cited Chitty's Criminal Law, 545, note A; The State v. Marshall, 8 Ala. 302; Haynes v. Crutchfield, 7 ib. 195; McClure v. The

State, 1 Yerger, 206; Commonwealth v. Knapp, 10 Pick. 480; Hooker v. The State, 4 Ohio, 350; United States v. Cornell, 2 Mason's R. 105; Gillespie v. The State, 8 Yerger, 508; Beauchamp v. The State, 6 Blackf. 307; Hendrick's case, 5 Leigh's R. 715.

RICE, C. J.—In a trial for an indictable offence, which *may be* punished capitally, or by confinement in the penitentiary, it is a good challenge for cause *by the State*, that the juror has a fixed opinion against capital or penitentiary punishments.—Code, § 3585; *Ex parte* McCrary, 22 Ala. 65.

But the right of the State to challenge the juror for that cause is lost, when he is accepted by the State, and put on the prisoner, and accepted by him. After the right is thus lost, it cannot be revived by any act of the solicitor or the court, against the objection of the prisoner, although the solicitor and court were ignorant of the existence of that cause of challenge when the juror was accepted by the State and the prisoner. This is one of the advantages which the law allows to the prisoner on principles of humanity or policy. The Commonwealth v. Lesher, 17 Serg. & Rawle, 164, opinion of Gibson, J.; Montague v. Commonwealth, 10 Grattan's R. 767; Dowdy v. Commonwealth, 9 Grattan's R. 727; McCauley v. The State, 26 Ala. R. 135.

The decision of the court setting aside the juror for that cause, after he had been accepted by the State and the prisoner, is matter of exception on the part of the prisoner, which it is his right to have reviewed in this court; and such decision, having been made against his objection, and been duly excepted to by him, is an error which entitles him to a reversal of the judgment.—Parsons v. The State, 22 Ala. R. 50; Montague v. Commonwealth, 10 Grattan's R. 767; The State v. Shaw, 3 Iredell's R. 532; McCauley v. The State, 26 Ala. R. 135.

For the error of the court below in setting aside the juror, its judgment is reversed, and the cause remanded.