## LYMAN *vs.* THE STATE.

[ INDICTMENT FOR ASSAULT WITH INTENT TO MURDER. ]

1. *Jury, exclusion of juror from; when error.*—It is error for the court, against the objection of the defendant, to exclude a juror from the jury, after he has been questioned on his oath by the court, as to his willingness to convict on circumstantial evidence, and after he had been accepted by the State and the defendant and placed upon the jury, but not sworn in chief, although the exclusion was based upon the fact that the juror had made different and contradictory statements, under oath, as to questions put to him by the court only a few minutes before, as to his qualifications.

2. *Same; what only constitute cause for.*—A juror can not be excluded from the jury for any cause of challenge, save for some of those enumerated in the Code, when the challenge is for cause.

3. *Section 4184 of Revised Code construed.*—The 4184th section of the Code is not intended to add to the number of reasons for challenge for cause, but to allow a juror to be excused who is physically unable or unfit to sit on the jury until the trial is ended.

APPEAL from the Criminal Court of Dallas.

Tried before Hon. GEO. H. CRAIG.

The defendant was indicted for an assault with intent to murder. From the bill of exceptions, it appears that after the defendant had been arraigned, and pleaded not guilty, the court proceeded to organize the jury. After the State and defendant had exhausted all the challenges allowed by law, and had accepted the jurors then empanneled, the jury not being complete, one Parsons, who had been regularly summoned and drawn as a talesman, was called, and after being duly sworn, asked by the court all the ques-

tions contained in §§ 4180, 4182 and 4183 of the Revised Code, and among the questions the following : " Have you a fixed opinion against capital or penitentiary punishment, or that a conviction should not be had on circumstantial evidence?" The court did not fully understand the answer to the question as to conviction on circumstantial evidence, and the question was again asked Parsons, but before he could answer, the defendant's counsel interposed by saying that Parsons had answered that "he would convict on circumstantial evidence, if strong enough," and asked him if such was not the case ; but the court stopped the counsel, and again asked Parsons the question, and he answered that "he would convict on circumstantial evidence, if strong enough ;" thereupon the court ruled that he was competent, and he took his seat upon the jury.

The solicitor for the State objected, and asked the court to protect the State and prisoner by setting aside the juror, on the ground that he was incompetent and unfit to sit in the case, stating that Parsons had sworn positively that he would *not* convict on circumstantial evidence, and afterwards, on the suggestion of defendant's counsel, stating to the contrary. The court being doubtful as to the statements made by Parsons, again called the juror, against defendant's objections, and swore him to answer questions. Parsons was then asked by the court what answer he had given to the question when first interrogated, and answered that " he aimed to say that he would convict on circumstantial evidence, if strong enough ;" the court then told the juror that he must tell what answer he made, and not what " he aimed to say." Parsons answered that "he made a blunder," and " did not say so, but meant it ;" the court required the juror to state explicitly what he said in answer to the question, when Parsons stated, "I did say I would convict on circumstantial evidence." Thereupon the court excluded Parsons from the jury, on the ground that it was the right and duty of the court to protect the State and the prisoner from a juror who was unfit to sit on the jury, he having made three different and contradictory statements, under oath, relative to a ques-

tion put to him only a few minutes before, thereby showing to the court that he either did not know his own mind, or was wilfully corrupt. To all of which second examination of Parsons, and his exclusion from the jury, defendant excepted. Another talesman was then called, questioned, sworn, &c., and took his seat as a juror, thereby completing the jury, and defendant excepted, &c."

The indictment was again read to the defendant, when he pleaded former jeopardy.

This plea was as follows : " And now comes the defendant, James Lyman, in proper person, and having heard the said indictment read, (and protesting that he is not guilty as charged in said indictment,) says that the State ought not to further persecute said indictment against him, because he says that heretofore, to-wit, at the present day and term of the criminal court of Dallas county, he, the said defendant, was arraigned on the same indictment here set out and charged against him, and that the State, by its solicitor, proceeded to organize a jury to try the issues joined, and after the State had exhausted all their challenges, and after one Henry Parsons had been sworn, questioned, and passed upon by the said court to be a competent juror in said case, the court did, against the protestation of this defendant, and at the instance of the State's solicitor, discharge and exclude from said panel the said Henry Parsons; wherefore the defendant prays judgment on this plea, and that he may be discharged from said indictment."

The State refused to take issue on said plea, and moved the court to strike said plea from the file; the court granted this motion and struck the plea from the file, and defendant excepted. There was a demurrer interposed by the defendant to the indictment, which was in the form given in the Revised Code, but at what stage of the proceedings, does not appear. The court overruled the demurrer, and defendant excepted. The trial then proceeded, and the defendant was found guilty and sentenced to the penitentiary for ten years.

The errors assigned are ( among others ) :

1st, Overruling the demurrer.

2d, Examining and excluding the juror Parsons after he had been pronounced competent and taken his seat on the jury.

3d, In striking plea of former jeopardy from the file, and in not compelling the State to demur or take issue.

J. N. HANEY, for appellant.—1. The defendant's demurrer to the indictment should have been sustained; it did not set out the facts constituting the assault.—*Trexler v. State*, 19 Ala. 21.

2. The action of the court in excluding the juror Parsons, under the circumstances, was error.—Bish. Crim. Proc., vol. 1, §§ 573, 584; *Bell v. State*, 44 Ala.

3. The court should have required the State to demur or take issue on plea of former jeopardy.—Bish. Crim. Proc., vol. 1, § 582, note 1, and cases there cited; *Henry v. State*, 33 Ala. 389.

JOHN W. A. SANFORD, Attorney-General, *contra.*—The indictment is in accordance with the form prescribed in the Code, and therefore the demurrer was properly overruled. *Trexler v. State* does not apply. It was decided before the Code went into effect.

The person dismissed as incompetent to serve as a juror had not been sworn as such. He had been sworn merely to answer questions. And as his answers showed that he was either imbecile or corrupt, or both, the court did not err in ordering him to stand aside as unfit to be a juror.— Code, § 4184. He was not a juror, because he had not been sworn.—*Dickson v. The State*, 4 Iowa, 435. And before he was sworn in chief, either party had the right to challenge him after his acceptance by both.—*Hughes v. Crutchfield*, 7 Ala. 195–6; *Marshall v. The State*, 8 Ala. 302–5; *Beauchamp v. The State*, 6 Blackf. 307; *Hooker v. The State*, 4 Ohio, 350; *United States v. Cornell*, 2 Mason, 91–105; *O'Connor v. The State*, 9 Flor. 215; 25 U. S. Dig. p. 327.

The court should always exercise a sound discretion in impanneling a jury, in order that the parties may have a fair and impartial trial. And unless its discretion is

grossly abused, so that injustice is done and justice is greatly impeded, the exercise of this rightful power will not be revised in this court.—*Whitman v. The State*, 14 Rich. (L.) 113 ; U. S. Dig. vol. 27, 391 ; *Ostrander v. The State*, 18 Iowa, 435 ; *Young v. Tatum*, 1 Port.

PETERS, J.—The objection to the indictment in this case is not well taken. The indictment is in the form prescribed in the Code. Such forms are sufficient.— Revised Code, § 4141, p. 809, No. 14. The case of *Trexler v. The State*, to which the court has been referred by the appellant's counsel, was decided before the promulgation of the Code, and it is not an authority in such a case as this.— 19 Ala. 21 ; Revised Code, §§ 4109, 4112, 4120.

The constitution of the State secures to every person charged with a criminal offense, in all criminal prosecutions in this State, a public trial by due course of law.— Const. Ala. 1867, Art. 1, § 8. In such a trial, a jury is allowed. And the legislature has prescribed how this jury shall be selected. In this case, it appears that the regular panel was exhausted, and that the jury was still incomplete. Eleven jurors had been chosen, and there was one wanting to make the number twelve, required by law. The challenges of the State and of the defendant had been exhausted. Under these circumstances, a juror was regularly drawn for the purpose of completing the panel. And the bill of exceptions states "that after being duly sworn," he " was asked by the court all the questions contained in sections 4180, 4182 and 4183 " of the Revised Code, by way of challenges for cause. And among other questions the court asked him the following : " Have you a fixed opinion against capital or penitentiary punishment, or that a conviction should not be had on circumstantial evidence?" The answer was not fully understood by the court, and the question was put a second time, but before the juror answered, the defendant's counsel interposed by saying, that the juror had answered that " he would convict on circumstantial evidence, if strong enough." And at the same time he asked the juror " if such was not the case ?" Here the court stopped the counsel for the defendant, and again

asked the juror the question as to circumstantial evidence. And he answered, that he " would convict on circumstantial evidence, if strong enough." " Thereupon, the court ruled that he was competent, and he took his seat upon the jury." The juror who had thus been selected had not yet been sworn in chief to try the issue joined, when the counsel for the State moved the court to set aside said juror "on the ground that he was incompetent and unfit to sit as a juror in said case." To support this motion, the bill of exceptions makes the following recitals, to-wit: That the juror "had sworn positively that he would not convict on circumstantial evidence when first interrogated, and that then, on the suggestion of the defendant's counsel, he said he "would convict on circumstantial evidence, if strong enough." As there was doubt in the mind of the court relative to said statements, the juror was again called forward, against the objections of the defendant, and sworn to answer questions; and the court then asked him what answer he had given to said question when first interrogated. And the juror said that he "aimed to say that he would convict on circumstantial evidence, if strong enough." The court then informed him that he must tell what answer he gave, and not what he aimed to give. He then answered that he had "made a blunder," and "did not say so, but meant it." The court again told the juror that he must answer as to what he had said in answer to said question, when the juror said, "I did say that I would convict on circumstantial evidence." Whereupon, the court excluded him from the jury, on the ground that *it was the right and duty of the court to protect the State and the prisoner from a juror who was unfit to sit on the jury*, he having made three different and positive statements under oath relative to an answer made by him under oath to a question put by the court only a few minutes before, thereby showing to the court that he did not know his own mind or was willfully corrupt."

The action of the court below in thus excluding said juror from the jury, was objected to by the defendant, and the objection reserved in his bill of exceptions. And this

exception is now urged as one of the assignments of error in this court.

The powers of the courts and judges of this State are very broad, but they are not to be exercised without any limit, save the discretion of the presiding officer.—Revised Code, §§ 638, 637; *Ex parte Walker*, 25 Ala. 81; *Withers v. The State, ex rel.*, 36 Ala. 252. But the selection and organization of a jury does not belong to these powers. This is not a matter of discretion, but a right regulated by law.—Const. Ala. 1867, Art. 1, §§ 8, 9, 13; *Brazier v. The State*, June term, 1870; Revised Code, §§ 4062, 4063, *et seq.* In the enforcement of this right, both the State and the defendant may challenge a certain number of persons brought forward as jurors peremptorily, or without cause, and any number for the cause specified in the Code.—Rev. Code, §§ 4178, 4179, 4180, 4181, 4182, 4183; *Murphy v. The State*, 37 Ala. 142. The question raised on this record is, when is the challenge for cause to be made, and can such a challenge be extended to other causes than those mentioned in the Code? Most clearly, the right to challenge may be waived.—37 Ala. 142, *supra*. And when it is waived by the State, and the juror is put upon the acceptance of the accused, and he is accepted by him as one of his triers, the process of his election is complete. This is what a regular compliance with the directions of the statute seems to demand. When this point of the proceeding is reached, it is the undoubted right of the defendant to have such juror sworn. This is the meaning and purpose of the statute, unless such person appears to the court to be an unfit person to serve on the jury under section 4184 of the Revised Code. But here the court not only excluded the juror, but excluded him for a cause of challenge not mentioned in the Code, after he had been accepted both by the State and by the defendant. Our predecessors have decided that such a practice can not be supported. It was, therefore, illegal and erroneous.—*Stalls v. The State*, 28 Ala. 25, and cases there cited.

Upon challenge for cause, the court is confined to the causes mentioned in the Code. The enumeration of causes there necessarily excludes all other causes not enumerated.

Lyman v. The State.

This is equally a rule of sound exposition and of law. Then the court also erred in excluding the juror for other causes than those named in the Code. The unfitness of a person to serve on the jury over which the court has a discretionary power under section 4184 of the Revised Code, refers to a personal inability, and it is not a cause of challenge. It refers to a bodily deficiency, and not to a disqualification as a juror.—Revised Code, § 4184. If this had been intended as a cause of challenge, it would have been found put down in that portion of the law in which the causes of challenge are defined. It can not, then, be used for a purpose not intended by the law-makers themselves. This purpose can be best effected by referring it to personal incapacity, such as would induce the juror to desire to be excused on his own account, or such as would show him to be incapable of sitting through the trial; and consequently induce the parties on both sides to desire his absence from the jury, in order to avoid a mis-trial, by his breaking down before the trial could be ended.

The plea of former jeopardy should not have been stricken out. Former jeopardy, if true, was a legal answer to the indictment.—1 Bish. Cr. Law, §§ 854, 855, 856, 857, 858, and cases cited. It is a plea to the jury, and it can only be disposed of on demurrer or by verdict of the jury. The State has no interest in convicting an innocent person. And when one is charged with an offense, after he is arraigned, he may plead such plea as is a sufficient answer to the charge, or the court will cause a plea to be pleaded for him.—Revised Code, § 4169. The plea is of no consequence unless it can be proved, and if it can, the defendant is entitled to be discharged. In criminal prosecutions, as it favors life and liberty, the most liberal latitude should be allowed the defendant.—2 Burr Law Dict. p. 53.

Nothing is intended to be said in this opinion in reference to the sufficiency of the plea here pleaded, or of the facts necessary to sustain such a plea.

Let the judgment of the court below be reversed and the cause remanded for a new trial. And in the mean time, the defendant, said James Lyman, will be held in custody until discharged by due course of law.