# Killen *v.* Lide's Adm'r.

*Trover for Conversion of Bales of Cotton.*

65    505
94    336

65    505
131   367

1. *Relevancy of evidence.*—When a witness for the defendant has testified, that at a particular time and place, in his presence, the plaintiff's intestate and the defendant had a full accounting and settlement; and it is proposed to prove by another witness, in corroboration, that the three persons were together at the time and place mentioned; "it admits of doubt, whether there is a sufficient connection between the settlement sought to be proved, and the fact offered as corroboration, to authorize proof of the latter to be made."

2. *Proof of transaction with intestate, in action by or against administrator.*—The exception contained in the statute removing the incompetency of witnesses in civil cases on the ground of interest, which prohibits a party from testifying in an action by or against an executor or administrator, "as to any transaction with or statement by the deceased" (Code, § 3058), applies to and excludes the testimony of a party as to a fact corroborative of the testimony of another witness in reference to such transaction or statement; as, where a witness has testified to a settlement between the plaintiff's intestate and the defendant, made in his presence, the defendant himself can not be allowed to testify, in corroboration of this evidence, that the intestate, said witness, and himself, were together at the time and place mentioned.

3. *When witness may testify to want of knowledge of fact.*—Want of knowledge of a thing open to the senses, by a person who had the opportunity of knowing the fact if it existed, "is some evidence, though slight, that the thing did not exist"; but, whether or not a person has money, is· not one of the facts open to observation, or patent to the senses.

4. *Burden of proof, as to settlement of accounts.*—A settlement of accounts, like payment, is an affirmative defense, which must be proved by the party relying on it; and a charge, asserting that "the burden of proving a settlement is on the defendant," can not be held erroneous, in the absence of special facts affirmatively shown.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by the administratrix of the estate of Charles W. A. Lide, deceased, against William J. Killen, to recover damages for the alleged conversion of several bales of cotton; and was commenced on the 26th September, 1876. "On the trial," as the bill of exceptions states, "there was evidence tending to show that plaintiff's intestate and defendant cropped together in 1870 and 1871, under an agreement by which the defendant was to furnish the land and teams, and plaintiff's intestate was to furnish and feed the laborers, and share equally the crops made. There was no evidence, as to how or by whom the expenses were to be paid; and there was no evidence tending to show a partition of the crops. As to whether the defendant converted the crops made, the evidence was conflicting; there

being some evidence which tended to show that he did, and some which tended to show that he did not. There was evidence, also, tending to show that plaintiff's intestate sold a portion of the crops, and received the proceeds of sale, and evidence tending to show that he did not; also, evidence that he received, at one time, twenty-five bushels of corn, of the crop of 1870. It was proved that, when plaintiff's intestate entered on the performance of the contract, he owned three bales of .cotton, subject to a lien of $152.34, which lien was discharged, at his request, by defendant, under an agreement that he should sell the cotton, and pay himself out of the proceeds. There was evidence tending to show that defendant sold said three bales of cotton, in the spring of 1872, at twenty-two cents per pound ; and there was evidence, also, that plaintiff's intestate himself sold two or three bales of cotton, in the fall of 1871, and received the proceeds. There was evidence tending to show, on the part of the defendant, various advances in money and supplies to the plaintiff's intestate, on his individual account, during the years 1870 and 1871. There was evidence tending to show that there had never been a settlement between them ; and there was other evidence tending to show a full and complete settlement between them in the spring of 1872. Two of defendant's witnesses, Bryant and Weatherley, testified that, in the spring of 1872, they were at 'Perry's Mill,' where defendant then did business, and when plaintiff's intestate was about leaving, to go to live with one Carter ; and that they saw plaintiff's intestate and defendant go into a room together ; and they testified to a conversation between plaintiff's intestate and defendant, after they came out of the room, tending to show a settlement in full between them. Defendant offered to prove, by his own testimony as a witness, that in the spring of 1872, when plaintiff's intestate was about leaving, to go to live with Carter, he and plaintiff's intestate, and said witnesses, were together at 'Perry's Mill.' To this testimony the plaintiff objected, on the ground that it related to a transaction with a deceased person, whose estate was interested in the result of the suit, and was otherwise illegal and irrelevant. The court sustained the objection, and excluded the evidence ; to which the defendant excepted."

The plaintiff introduced one Lide as a witness, who was a nephew of her intestate, and, with his father, had lived and worked on the same plantation with the intestate during the year 1870, and on an adjoining place during the year 1871. " This witness, while being examined by plaintiff's counsel, and not in response to any question propounded by defend-

[Killen v. Lide's Adm'r.]

ant, stated that, if plaintiff's intestate had any money while he lived with defendant, he (witness) would have been apt to know it, and that he did not think he had any.   The defendant moved to exclude this statement from the jury ; and the court said, it would not exclude the evidence, if the witness had an opportunity of knowing.   The witness then stated : ' I was about there a good deal, and if he had any money, I would have known it.   He had none.   I had a good opportunity of knowing.'   The defendant moved to exclude this evidence from the jury," and he reserved an exception to the overruling of his objection.

The court charged the jury, at the request of the plaintiff, " that the burden of proving a settlement is on the defendant" ; to which charge the defendant excepted, and he now assigns it as error, together with the rulings of the court on the evidence.

WATTS & SONS, for appellant.

CLOPTON, HERBERT & CHAMBERS, *contra.*

STONE, J.—It was proposed to prove by appellant, who was defendant below, that at a given time, Lide, the intestate of plaintiff, Killen, the defendant, and two witnesses who have been examined, were together at ' Perry's Mill.' The two witnesses referred to had been examined for Killen, to prove that, at the time and place mentioned, a complete settlement had been made between intestate and Killen. That the four persons designated were together at the time and place named, is, standing by itself, an immaterial fact, tending to no conclusion ; and, being immaterial, the Circuit Court could not err in excluding it.   Irrelevant facts, not calculated naturally to elucidate the question in dispute, should always be excluded, by reason of their tendency to divert the minds of the jurors from the true issue.   It is contended for appellant, however, that the purpose of this offered testimony was to corroborate the evidence of the two witnesses, who had given testimony tending to prove a settlement at that time and place.   It admits of doubt, if there is a sufficient connection between the settlement sought to be proved, and the fact offered as corroboration, to authorize proof of the latter to be made.

But we need not decide this.   Lide, who is alleged to have made the settlement with Killen, was dead, and this suit was by his administratrix.   The two witnesses referred to had given evidence tending to prove a settlement.   Any fact, tending to aid or strengthen their evidence of that disputed

[Downs v. Hopkins, Allen & Co.]

proposition, was evidence tending to prove its truth, or it was nothing. If it tended to prove its truth, then it was evidence of a transaction with the intestate, which the statute renders him incompetent to give.—Code of 1876, § 3058. The testimony, then, was irrelevant and worthless, or it was prohibited by the statute.—*Tisdale v. Maxwell*, 58 Ala. 40.

The testimony of the witness Lide, to the effect that, if intestate had any money, he, witness, would have been apt to know it, and that he did not believe he had any money ; and further, that if deceased had money, he, witness, would have known it, and that deceased had no money, was all illegal. Having money or not, is not one of the patent facts, which is open to general observation. Money is not usually carried in sight. That witness was about there (intestate's residence) a great deal, would not tend to show that he would know intestate had, or had not money. Want of knowledge of things open to the senses, in a person who had the opportunity of knowing such fact if it existed, is some evidence, though slight, that the thing did not exist. The present case is not brought within the rule.—1 Brick. Dig. 810, § 94, *et seq.*

The Circuit Court is not shown to have erred in the charge excepted to. Settlement, or payment, is an affirmative defense, which the party relying on must prove. The charge asserts a legal proposition, which is correct in many, if not most categories. In the absence of proof, showing the charge was erroneous under the testimony before the jury, we are bound to presume it was justified under the state of the evidence.—1 Brick. Dig. 336, § 12 ; *Ib.* 781, § 120.

Reversed and remanded.