# Henry *v.* The State.

*Indictment for Robbery.*

1. *Challenge of juror for cause; waiver of right.*—The officer before : whom the preliminary examination of the defendants was had, and by whom they were committed to jail to await the action of the grand jury, being summoned as a regular juror, and being accepted without objection, after examination by the court, in the presence of the defendants, touching his qualifications as a juror; whether the failure to challenge him was the result of ignorance or inadvertence, the right of challenge was lost when he was accepted and sworn as a juror; and a subsequent motion to excuse or set him aside, on his own statement of the facts to the court, saying that he had not recognized the defendants when first examined, and that he had a fixed opinion which would bias his verdict, is addressed to the discretion of the court.

FROM the Circuit Court of Jefferson.

Tried before the Hon. S. H. SPROTT.

The defendants in this case, John Henry and Isaac Nobles, being on trial under an indictment for robbery, reserved a bill of exceptions, as follows: "The defendants having been duly arraigned, and entered their plea of not guilty, and after the jury were duly impanelled and sworn according to law, and after the indictment was read, but before the defendants' plea was made known to the jury; one of the twelve jurors, A. S. Elliott, asked leave of the court to make an explanation, and, his request being granted, he thereupon stated that, when answering the questions propounded to him on his examination *voir dire*, he did not recognize the defendants, but did recognize them after the jury had been impanelled and sworn; that he had a fixed opinion as to their guilt or innocence, which would bias his verdict; that he, as mayor of Birmingham, presided in the Mayor's Court when the defendants were arraigned and tried in said court for this same offense, and committed them to jail to await the action of the grand jury. Thereupon, the defendants objected to said Elliott sitting as a juror on the trial of this case; but the court overruled the objection, on the

[Henry v. The State.]

ground that it came too late; to which ruling the defendants excepted."

The name of the appellants' counsel, if any appeared in this court, is not shown by either the record or the docket; and there is no brief on file.

T. N. McCLELLAN, Attorney-General, for the State, cited *Smith v. The State*, 55 Ala. 6; *Stalls v. The State*, 28 Ala. 25; *Roberts v. The State*, 68 Ala. 52; *State v. Morea*, 2 Ala. 275; *State v. Williams*, 3 Stew. 457; *Rash v. The State*, 61 Ala. 94; *Bales v. The State*, 63 Ala. 36; *Battle v. The State*, 54 Ala. 94.

CLOPTON, J.—The constitution guarantees to the accused, in all criminal prosecutions, a "speedy public trial, by an impartial jury of the county or district in which the offense was committed." To secure this right, statutes have been enacted defining the qualifications of jurors, and providing modes by which their qualifications may be ascertained. The due and proper administration of the law—on the one hand protecting the public against the commission of crime, and on the other shielding innocence from passion and prejudice—materially depends on the fitness, competency, and impartiality of jurors. They are required to be persons who are competent to discharge the duties "with honesty, impartiality, and intelligence, and are esteemed in the community for their integrity, fair character, and sound judgment."

For the trial of a person charged with an offense which may be punished capitally, the court must make an order, commanding the sheriff to summon not less than fifty, nor more than one hundred persons, including those summoned on the regular juries for the week. A designated number of peremptory challenges is allowed to the State, and to the defendant, and, in addition, grounds of challenge are prescribed, so that disqualified persons may be challenged for cause. Among these grounds of challenge is a fixed opinion as to the guilt or innocence of the defendant, that would bias his verdict. This ground of challenge can be proved by the oath of the person alone. When the name of a person summoned is drawn from the box, in which have been placed the names of all summoned, he is examined by the court touching his qualifications; and if found qualified, is put, first on the State, and then on the defendant; and if accepted by both, he is sworn for the trial of the case. When accepted by the State, and put on the defendant, is his opportunity and right to challenge.

While it is of first importance that the right of both the State

[Henderson v. The State.]

and of the defendant to a trial by an honest, intelligent and impartial jury, should be jealously maintained, the necessity of guarding against other evils, readily suggested, requires a time fixed, when the *right* to challenge shall cease. By the uniform rulings of this court, the right to challenge ends, when the persons selected are sworn as jurors for the trial of a case punishable capitally. "After the ceremony of the administration of the oath is commenced, the right of challenge for existing cause is lost, alike to the State and to the defendant."—*Smith v. State*, 55 Ala. 1; *Stalls v. State*, 28 Ala. 25; *Roberts v. State*, 68 Ala. 515; *Rash v. State*, 61 Ala. 89; *State v. Morea*, 2 Ala. 275.

Due caution should be observed, that none but those free from an opinion which would bias their verdict shall serve as jurors. A list of the persons summoned was served on the defendants before the day of trial; the juror was examined as to his qualifications by the court, in the presence of the defendants; and he was the officer, who presided on the preliminary examination, and committed them for further trial. By reasonable diligence, they could have known his disqualification. But, whether the omission to challenge was from inadvertence or ignorance, the right to challenge was lost when the juror was sworn; after which, excusing the juror, at the request, or on motion of the defendants, rested in the discretion of the court. The remedy of the defendants, after conviction, was a motion for a new trial.

Affirmed.