# Gaither *v.* State.

*Indictment for Carrying Concealed Weapons.*

1. *Testimony of witness as to want of knowledge of fact.*—Several witnesses for the prosecution having testified that, at a time and place named, they saw a pistol on the defendant's person, he can not be allowed to prove by others, who lived in the same house with him at that time, and worked with him in the same field, that they had ample opportunity of seeing and knowing whether he then had or owned a pistol, and that he did not have or own one.

FROM the Circuit Court of Elmore.
Tried before the Hon. JAS. R. DOWDELL.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The defendant was indicted for carrying a pistol concealed about his person. The State's witnesses having testified that, in May, 1889, they saw a pistol on the person of defendant, he proposed to prove by three several witnesses that he lived, from January 1st to June 1st, 1889, in the same house with the witnesses, and worked with them in the same field; that they had ample opportunities of seeing and knowing whether he had or owned a pistol, and that he did not have or own one. The general rule is, that where the situation of the witness is such, that if a disputed fact existed he had the opportunity of knowing, and would probably have known such fact, his want of knowledge is evidence, though slight, that the fact did not exist, and he will be allowed to testify that if it existed he did not know it. The rule, however, is limited to facts that are open to the senses and general observation. In *Killen v. Lide,* 65 Ala. 505, it was ruled, that a witness who was intimate with, and related to another, and about him a great deal, and who stated that, if such other person had money he would have known it, would not be allowed to testify that he had no money, on the ground that money is not usually carried in sight. It may be said to be common knowledge, that pistols are not usually carried so as to be seen. The witnesses' want of knowledge, under the circumstances and opportunities as stated by them, is no evidence that defendant did not carry a pistol concealed about his person, on the day named by the State witnesses. Their testimony does not fall within the general rule, and it was properly excluded.

Affirmed,