# Carson *v.* Pointer.

## *Assumpsit.*

(Decided June 30, 1914. Rehearing denied November 10, 1914.
66 South. 910.)

1. *Jury; Challenges.*—The incompetency of a juror because not a resident of the county in which the trial was had is ground for challenge for cause.

2. *New Trial; Disqualification of Juror.*—Where the juror stated on his voir dire examination that he was a resident of the county, the appellant cannot impeach the verdict on the ground that he was not a resident of the county, although appellant did not discover to the contrary until after the verdict.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by T. L. Carson against W. P. Pointer for rent. Judgment for defendant, and on order denying new trial plaintiff appeals. Affirmed.

P. F. WHARTON, and T. C. SENSABAUGH, for appellant. It is essential that a juror should be a citizen of the county in which the trial is had.—Acts 1909, 309; *Collins v. State,* 88 Ala. 212; 24 Cyc. 175, 98 and notes; *Amos v. State,* 96 Ala. 120. There was no waiver of the right in this case, because there was no knowledge of the fact.—*Steadham v. Steadham,* 32 Ala. 526; 40 Cyc. 252.

S. W. TATE, for appellee. If the juror was not a competent juror, he appeared to be on his examination, and the appellant cannot now be heard to complain that such juror served and participated in the verdict.—*Andrews v. State,* 152 Ala. 22; *Henry v. State,* 77 Ala. 76; *Roberts v. State,* 68 Ala. 523; 39 L. R. A. 302; 61 L. R. A. 245; 12 Dec. Dig. sec. 110.

[Carson v. Pointer.]

THOMAS, J.—After verdict and judgment against him, the appellant, plaintiff below, made a motion for a new trial, assigning as a ground therefor, among others, not necessary to notice because not here insisted upon, that Moses G. Scott, one of the jurors composing the jury that tried the case, was not a competent juror on account of the fact, as alleged; that he was not, at the time of the trial and of his service as a juror therein, a resident citizen of the county in which the trial was had, but at such time, and ever since and continuously for 20 years or more next preceding, was, still is, and had been a bona fide resident of the adjoining county of Talladega; and that the fact of his nonresidence in the county of the trial was not known to either the movant or his counsel at the time he was accepted by them as a juror, and that such fact did not become known to either of them until after the return of the verdict and the rendition of the judgment. All of these facts, as set forth in the motion, were proved, without conflict or dispute, by evidence both competent and satisfactory; but the court declined to set aside the verdict and award the new trial as prayed, its action in which particular is the only alleged error that is urged.

We are of opinion that the action of the court was proper. It cannot be doubted that the fact of the incompetency of the juror on account of his nonresidence in the county of the trial furnished good ground for a challenge for cause.

The general rule, even in a felony case, is that objection to a juror on account of incompetency comes too late after verdict, but, to be available, must be interposed before the juror has been sworn in the case.—*Andrews v. State,* 152 Ala. 21, 44 South. 696; *Henry v. State,* 77 Ala. 75; *Roberts v. State,* 68 Ala. 523; *Rash v. State,* 61 Ala. 89; *Smith v. State,* 55 Ala. 1; *Stalls v.*

*State,* 28 Ala. 25; *State v. Morea,* 2 Ala. 275. It is conceded that this is the general rule, especially applicable where the complaining party knew of the disqualification in time to have interposed the challenge; but the insistence is made that a lack of such knowledge and lack of a knowledge of any fact or facts that would tend to put the party on inquiry at such time is sufficient to authorize an exception to the general rule and to render the disqualification available on a motion for new trial. Certainly, should this be true, it is urged, where, as here, the juror on his voir dire examination by the court on its organization, which examination the statute makes mandatory in all cases (Code, §§ 4633, 7270), stated that he was a citizen of the county of the trial.

The exact or precise question has never been passed upon in this jurisdiction, but in many cases outside of this state it has been expressly decided that the right to attack a verdict for the disqualification of a juror does not exist even when the moving party was previously ignorant of such disqualification; it being considered that it is the duty of a party to discover any such disqualification, and that to allow a subsequent attack on the verdict would be to give a wide opening for fraud. These cases will be found cited in note 1, p. 1163, 17 Am. & Eng. Ency. Law (2d Ed.), and were handed down by the following courts, to wit: Those of England, the United States Supreme Court, and the Supreme Courts of Arkansas, Georgia, Illinois, Kansas, Kentucky, Massachusetts, Minnesota, Mississippi, New York, North Carolina, Oregon, South Carolina, Tennessee, Texas, West Virginia, and Wisconsin.

In another line of cases, also large in number and emanating alike from high sources, to wit, from the Supreme Courts of Connecticut, Louisiana, Maryland, Missouri, Ohio, Pennsylvania, Rhode Island, and Virginia,

which cases may be considered as supporting the proposition last announced, it is stated in substance, without any reference to previous ignorance or knowledge, that no right exists in a party to attack a verdict on the ground of the incompetency of a juror.—See cases cited in note 2, p. 1163, Ency., supr. And even our own Supreme Court, speaking through CLOPTON, J., in a case where it does not appear whether the party had or not previous knowledge of the disqualification of the juror, resulting from a fixed opinion, which would bias his verdict, but where the inference is that the party did not have previous knowledge of such disqualification, since the juror there, as here, duly qualified in every particular on his voir dire examination by the court, said:

"While it is of first importance that the right of both the state and of the defendant to a trial by an honest, intelligent, and impartial jury should be jealously maintained, the necessity of guarding against other evils, readily suggested, requires a time fixed, when the right to challenge shall cease. By the uniform rulings of this court, the right to challenge ends, when the persons selected are sworn as jurors for the trial of a case punishable capitally. After the ceremony of the administration of the oath is commenced, the right of challenge for existing cause is lost alike to the state and to the defendant."—*Henry v. State*, 77 Ala. 75.

In that case it appears, as said, that the juror duly qualified on his voir dire examination, and the clear inference from the facts stated in the report of the case is that the defendant did not know of the existence of the ground of challenge until he actually interposed it, which was done before the defendant pleaded not guilty and before any evidence was introduced in the case, though after the jury was sworn and the indictment read.

[Potter v. Tucker, et al.]

It seems to us that the principles announced and the state of facts to which they were applied in that case are sufficient, without more, or the other authorities hereinbefore cited, to settle the question here raised.

The judgment of the lower court is affirmed.

Affirmed.