(130 So. 69)

## GHOLSTON v. STATE.

### 8 Div. 193.

Supreme Court of Alabama.

June 5, 1930.

Rehearing Denied Oct. 9, 1930.

William Stell and W. H. Key, Jr., both of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BOULDIN, J.

Frank Gholston was indicted for the murder of Ed Tidwell by shooting him with a pistol, was convicted of murder in the first degree, and his punishment fixed at life imprisonment.

It is the duty of the trial court, under Code, § 8645, to ascertain the qualifications of jurors under Code, §§ 8610, 8612. We have commended the practice of following these statutes in questioning jurors. Mays v. State, 218 Ala. 656, 120 So. 163.

Usually this is sufficient. A further examination on the part of the court is in his discretion. Code, § 8614; Louisville & Nashville R. R. Co. v. Young, 168 Ala. 551, 53 So. 213.

Code, § 8662, confers upon the parties the right, under the direction of the court, to further examine the jurors within proper bounds to ascertain "any matter that might tend to affect their verdict." This, we have held, includes pertinent matters to enable the party to advisedly make peremptory challenges. Rose v. Magro (Ala. Sup.) 124 So. 296.[1] But this section does not empower the party to require the court to put such questions to the jury, even when properly framed.

The court having, so far as appears, performed the duty of qualifying the jurors, there was no error in his refusal on request of defendant "to ask each juror whether or not he would give defendant, Frank Gholston, a negro, the same justice, and would not be biased against him on account of his race."

The testimony of J. C. Tyra, the only eyewitness for the state, tended to show that while he and the deceased, both deputy sheriffs, were driving on the highway from Rockwood toward Russellville about 11 o'clock at night, they were signaled to stop. Thereupon three negroes, Frank Gholston, Tom Sargent, and Ernest Graham approached their car. Tyra saw Gholston had a fruit jar and accosted him as to its contents. He threw it down and ran. It was home-brew. Promptly Tyra arrested Graham, nearest the car, while Sargent started to the rear. At the same time Officer Tidwell got out on the other side of the car and proceeded to the rear. Presently, while Tyra was putting Graham in the car, a shot was fired and Tidwell exclaimed he was killed. Tyra turned and killed Sargent, who was firing a thirty-eight pistol. Tidwell received a fatal bullet wound in the side and a wound in the nose. Tyra received three wounds, two from front and one in the back.

The controverted issue of fact was whether defendant, Gholston, participated in the shooting. Tyra did not see him after he ran. Dying declarations of Officer Tidwell were that defendant fired the shot which inflicted the wound on Tidwell's nose. Tyra's testimony further tended to show shots came from two directions; that defendant and Sargent went in different directions; that Graham took no part.

Over defendant's objection, the state was permitted to put in evidence the coat worn by Tyra at the time, have Tyra put it on, and exhibit the bullet holes, including one in the back. In this there was no error. The bullet holes in the coat were corroborative of the testimony tending to show defendant's participation in the shooting.

While the admission of article having no relation to the crime and bearing no marks tending to establish any fact in connection therewith, but merely tending to arouse resentment in the minds of the jury, is erroneous, no such consideration must stand in the way of proving physical facts tending to establish any material circumstance in the case. Rollings v. State, 160 Ala. 82, 49 So. 329; Hyche v. State, 217 Ala. 114, 114 So. 906; Id., 22 Ala. App. 176, 113 So. 644; Terry v. State, 203 Ala. 99, 82 So. 113; Husch v. State, 211 Ala. 274, 100 So. 321; Boyette v. State, 215 Ala. 472, 100 So. 812; Crenshaw v. State, 207 Ala. 438, 93 So. 465; Puckett v. State, 213 Ala. 383, 105 So. 211.

Defendant testified fully that he did not kill deceased, that he threw down the home-brew and ran, was some distance away when the firing began, did not know who did the shooting, and that he had no gun that night. Further evidence that he had never owned a gun, and evidence of other witnesses, not with him that night, that he did not own nor have a pistol at that time, was rejected without error on the authority of our former cases. Gaither v. State, 89 Ala. 62, 8 So. 113; Norris v. State, 132 Ala. 12, 31 So. 551.

The state introduced evidence of flight—evidence that defendant was found the next day hiding in the weeds some ten miles from the place of the homicide.

Evidence to explain flight, to show it may have been due to other motive than a sense of guilt of the crime charged, is admissible. Crenshaw v. State, supra; Goforth v. State, 183 Ala. 66, 63 So. 8. Defendant stated fully his explanation.

The question to witness Hardy, "Did you tell the defendant the law was after him, and he had better get away?" was leading. The ruling may be sustained on that ground.

There was ample predicate for the introduction of the dying declarations of deceased.

The law of the case was fully covered by the oral charge of the court.

The rules of law relating to other questions presented in the record are well understood, and need no comment. We find no reversible error in the record.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

