184 So. 259

### BALLARD v. STATE.

### 6 Div. 181.

Court of Appeals of Alabama.

May 17, 1938.

Rehearing Denied June 7, 1938.

Affirmed on Mandate Nov. 1, 1938.

require the court to put such questions to the jury even when properly framed."

True, the above seems a matter within the sound discretion of the court, as will appear from the following quotation from the Supreme Court's opinion in the case of Rose v. Magro, supra (page 298), to wit: "Within the limits of propriety and pertinence, the parties (having respective peremptory challenges or struck jury), within the sound discretion of the court, had the right to reasonably and timely propound questions to jurors to enable such party or his counsel to intelligently exercise that right, though the matters of which inquiry are made are not a disqualification."

Denying appellant's request that the jurors "identify themselves" seems to us an abuse of the trial court's discretion.

The colloquy between the court and the attorney representing the defendant, to our way of thinking—this being the first instance that ever came under our observation of the trial court's denying such a request—demonstrates that what the counsel proposed was not to "require the court to put such questions to the jury"—the thing condemned in Gholston v. State, supra—but amounted to the counsel's putting the questions. And the "questions" sought but the most natural information, desired by any lawyer not already personally familiar with the individual jurors. If indeed the matters a party is entitled to know about the jurors composing the venire include "pertinent matters to enable the party to advisedly make peremptory challenges" (Gholston v. State, supra), we can see nothing but an arbitrary reason for disallowing the party to have the jurors "identify themselves."

We quote the colloquy referred to, above, to wit: "The Court then stated they (the jurors on the list) seemed to be qualified. Whereupon Counsel for the Defendant stated to the court, that he wanted them identified. Then, the Court asked Counsel 'What do you mean?' Whereupon, Counsel for the Defendant stated, to the Court, 'I want them to stand up and tell their occupations, and where they live.' The Court then stated, 'I'm not going to do that, you have a list.' Whereupon Counsel for the Defendant stated, 'I have a list, but that don't give it to me.' Whereupon the Court replied, 'You can strike the jury like you have the list.' And to this ruling of the

F. F. Windham, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Before striking the jury, appellant asked that they be required to "identify themselves"—that is, that those whose names were on the list from which he was required to strike, "stand up, and tell their occupations, and where they live."

It seems to us the above was a reasonable request; and came squarely within the provisions of Code 1928, § 8662.

In its opinion in the case of Gholston v. State, 221 Ala. 556, 130 So. 69, our Supreme Court said: "Code, § 8662, confers upon the parties the right, under the direction of the court, to further examine the jurors within proper bounds to ascertain 'any matter that might tend to affect their verdict.' This, we have held, includes pertinent matters to enable the party to advisedly make peremptory challenges. Rose v. Magro [220 Ala. 120], 124 So. 296. But this section does not empower the party to

Court, the Defendant then and there duly and legally excepted."

The judgment is reversed and the cause remanded.

Reversed and remanded.

Opinion after Remandment.

Appellant's counsel now urges that we reverse the judgment of conviction because of the alleged misconduct of the Sheriff—a witness for the State, in the case —in "talking to one of the jurors."

But what occurred took place in the presence of the court, and did not, in our opinion, warrant the granting of a new trial. See Harris v. State, 233 Ala. 196, 172 So. 347.

The judgment is affirmed on the authority of the opinion and decision of the Supreme Court in granting the writ of certiorari to us.