BOWEN, Judge.
The defendant was indicted and convicted for the attempted murder of William J. Akin. Sentence was twenty-one years’ imprisonment. Three issues are presented on appeal.
I
The defendant argues that his conviction is due to be reversed because one juror was not a resident of the county in which he was tried.
After the jury returned its verdict, it was established that juror Willie Richardson was not a resident of Pickens County. Richardson testified that he had moved just over the county line into the adjoining county about three years ago. He had previously resided in Pickens County for fifty years or more.
Richardson stated that before trial he had told the Sheriff that he did not live in the county. Richardson testified that when he told the Sheriff he was not a resident, the Sheriff said, “That doesn’t matter. Come on down here, we’re going to have some fun anyway.” He also testified that on voir dire he raised his hand when the judge asked about residency in qualifying the ve-nire.
The Sheriff testified that Richardson never told him he was a resident of Lamar County.
The trial judge denied the motion for a mistrial finding that every effort had been made to get the jurors to answer the questions on voir dire and that “it was an oversight on the part of the juror or that he did not understand the importance and didn’t come forward and this Court does not see that it could be prejudicial to the defendant.”
Defense counsel only discovered Richardson’s true residence when he polled the jury after they had returned their verdict.
“It was during the time that I was polling the jury and I was going over the names of the jurors and I saw where all the jury was from either Gordo, Alice-ville, Reform and Carrollton, Pickens County. Then I saw Millport or Lamar County. I asked whether or not Millport was in Pickens County or what county it was in or was it in Fayette County and I ascertained that Millport was in Lamar County and that is when I made my report to question the juror. I found out when I polled the jury.”
In brief, defendant’s appellate counsel acknowledges that a list of prospective jurors was provided trial counsel. This list gave Richardson’s address as “P.O. Box 446, Mill-port.” This Court can take judicial notice of the fact that Millport is in Lamar County. Hall v. State, 213 Ala. 325, 104 So. 826 (1925).
In Bufford v. State, 382 So.2d 1162, 1172-73 (Ala.Cr.App.), cert. denied, 382 So.2d 1175 (Ala.1980), this Court held that the denial of a motion for new trial, based on the ground that one juror was not a resident of the county in which the offense was committed, was not error in the absence of a showing of prejudice to the accused.
“(T)he mere fact that she resided in an adjoining county does not per se require a reversal of this cause. Nonresidency in such a case does not impute prejudice per se .... Therefore, there is no inherent prejudice attributed to a trial by a nonresident or nonresidents of the county in which the offense was committed.”
Although the incompetency of a jur- or because he is not a resident of the county in which the trial was had is ground for a challenge for cause, “ ‘the right to challenge ends, when the persons selected are sworn as jurors.’ ” Carson v. Pointer, 11 Ala.App. 462, 465, 66 So. 910 (1914), quoting from
*1161 Henry v. State, 77 Ala. 75, 77 (1884). Carson held that although a juror on his voir dire examination by the court stated that he was a resident of the county, and the appellant did not discover the contrary until after the verdict, the verdict could not then be impeached. See also the following from Batson v. State, 216 Ala. 275, 280, 113 So. 300 (1927).
“That juror Davies was not a citizen of the county and state was a ground of challenge as a juror .... (authorities omitted) It did not invalidate the verdict and judgment rendered by his not being challenged. Kohl v. Lehlback, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432; Raub v. Carpenter, 187 U.S. 159, 23 S.Ct. 72, 47 L.Ed. 119. * * * The objection that the juror is an alien comes too late after the jury was qualified generally by the court, as indicated, and put to and accepted by the parties. Herndon v. State, 2 Ala.App. 118, 56 So. 85; Carson v. Pointer, 11 Ala.App. 462, 66 So. 910.”
Golden v. State, 39 Ala.App. 361, 370, 103 So.2d 52, cert. denied, 267 Ala. 456, 103 So.2d 62 (1958), “pretermit(ed) any consideration as to whether or not Carson v. Pointer, ... is still valid” since the question was unlikely to arise on a new trial. Because “(t)he decisions of the supreme court shall govern the holdings and decisions of the courts of appeals”, Alabama Code Section 12-3-16 (1975), Carson must be upheld.
In this case there is an additional reason why the rule of Carson should stand. Here, the juror truthfully answered the judge’s question. His response was not noticed by the prosecutor, the defendant or the trial judge. However, his proper address was given on the list of prospective jurors. When defense counsel discovered the ground for challenge he had no more information before him than he did when he accepted the jury. Since the objection could have been discovered with the exercise of reasonable diligence at the time the jury was being qualified, it does not constitute a proper ground for a motion for a new trial. Although counsel was not required to conduct a voir dire examination which would be repetitious of that already conducted by the court, the fact remains that the ground of challenge could have been discovered before trial just as easily as it was discovered after trial. Henry, 77 Ala. at 77.
II
The contention that the trial judge improperly instructed the jury that the burden of proof regarding self-defense was on the defendant was not properly preserved for review. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), affirmed, Ex parte Allen, 414 So.2d 993 (Ala.1982).
III
At trial, the defendant requested a mistrial on the ground that the Sheriff had a conversation with one of the jurors.
The Sheriff testified that he had a conversation with juror Deserita Porter in which she talked about her husband’s health and an obscene telephone call she had received. Nothing was mentioned about the case.
Mrs. Porter also testified that neither she nor the Sheriff mentioned the trial “in any way.”
The conduct of the Sheriff did not warrant the granting of a mistrial. Ballard v. State, 28 Ala.App. 346, 348, 184 So. 259 (1938). “All conversation between jurors and officers of the court does not amount to misconduct, per se, and a showing of such communication does not raise the presumption that it improperly influenced the jury.” Donahoo v. State, 371 So.2d 75, 78 (Ala.Cr.App.), cert. denied, Ex parte Donahoo, 371 So.2d 79 (Ala.1979).
The Sheriff’s comments were not calculated to prejudice the defendant or influence the juror in any way. The content of conversation was fully explored with both the Sheriff and the juror testifying. Their testimony was uncontradicted.
The unauthorized communication did not warrant the granting of a mistrial. Anderson v. State, 389 So.2d 180, 182 (Ala.Cr.App.1980). Any “presumption of vitiating influ *1162 ence” was fully rebutted. Woods v. State, 367 So.2d 982, 984 (Ala.1978). The trial judge did not abuse his discretion in refusing to grant a mistrial.
We have addressed every argument raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.