This appellant was convicted on a trial by a jury of the felony of possession of marijuana. He was sentenced to imprisonment for six years and fined the sum of two thousand and five hundred dollars. *Page 892 
The first contention for a reversal contained in the brief of counsel for appellant is that "the trial court erred in denying Defendant's Motion for Judgment of Acquittal at the close of the case." He says the undisputed evidence shows that marijuana was found growing in a field back of the house in which defendant and his family lived but that the evidence was not "sufficient to support a conviction of possession of marijuana." He cites in support of this contention the case ofCrafts v. State, Ala.Cr.App., cert. denied, Ala. 439 So.2d 1323
(1983). We agree with appellant's counsel that there are similarities between the instant case and Crafts v. State, and we would agree with appellant's counsel as to the conclusion asserted by him if it were not for the distinguishing material differences between the evidence in Crafts and the evidence in the instant case. The superlatively well expressed opinion by Presiding Judge Bowen in Crafts sets forth in sufficient detail the evidence as to all the circumstances pertaining to the marijuana that was growing in a field or garden behind the house where Crafts resided, and we see no reason to state again in this opinion that which was so well stated by Judge Bowen in that case, other than to quote the following from the opinion in Crafts at 439 So.2d 1324-1325:
 "While the ownership and exclusive possession of the property on which the marijuana is found may warrant a jury in finding that the accused was growing the illegal plant, Puckett v. State, 13 Md. App. 584, 284 A.2d 252 (1971), the proof in this case does not rise to that level. Here, the evidence is notable for its lack of detail and for the absence of information connecting the defendant with the growing marijuana.
 "Although the Sheriff `assumed' that the defendant planted the corn in the garden behind his house and yard, the State never attempted to establish who owned or possessed or had control over the property on which the marijuana was growing.
 "Reduced to fundamentals, all the State showed was that the defendant's residence abutted land on which marijuana was growing. . . ."
Contrasted therewith, evidence in the instant case shows that the house in which defendant resided was on a parcel of land one hundred feet by seventy-five feet in dimensions, that most of the marijuana found by the investigating officers was found in the backyard of said parcel of land, near the dog pen, of which area photographs constituting some of the State's Exhibits were introduced in evidence. The photocopies thereof in the transcript in this case are probably not as clear as the original photographs, but they are sufficient for us to tell therefrom that some of the marijuana was actually growing in the small back yard of defendant and that some of it was growing in the area immediately adjacent to the back of said yard.
The defendant testified in the case. In his testimony, he did not deny the existence of some of the marijuana in the area of the back of his backyard but he stated in effect in his testimony that such marijuana was placed there by another person or persons whom he named, all without his authority or consent and without his having any connection therewith. The truth vel non of his testimony in this respect was for the jury to decide, which it evidently decided against defendant by the verdict finding him guilty. We decide the appellant's first issue adversely to him.
By the only other issue presented by appellant, he raises the question whether the trial court erred "in denying Defendant's Motion for a New Trial after the evidence at the hearing on said Motion had shown that one of the jurors at Defendant's trial was not a resident householder or freeholder of Covington County, Alabama, for the last preceding six (6) months before Defendant's trial." We now quote all of the argument presented in the brief of counsel for appellant as to this issue:
 "The Code of Alabama (1975), § 12-6-150 (1) (Supp. 1983) provides that it is good cause for challenge of a juror if the prospective juror has not been a resident householder or freeholder of the county *Page 893 
for the last preceding six (6) months. In interpreting an earlier version of the same, the Court in Aaron v. State, 37 Ala. [106] at 113 (1861), held that the term household meant something more than the mere occupant of a room or house; it means `the master or chief of a family' or the `person who has charge of and provides for a family.' It `implies in its term the idea of a domestic establishment of the management of a household.' There is nothing in the evidence adduced at the hearing on Defendant's Motion for a New Trial on which one could base a determination that Mrs. Spring [the juror referred to] had been a householder or freeholder of Covington County for the last preceeding six (6) months as defined in Aaron v. State. On the contrary, the evidence proved that Mrs. Spring was at most a frequent visitor to her son's place of residence. According to the testimony of Mrs. Spring's sister and nephew, she married George Spring and moved to Virginia some fourteen (14) or fifteen (15) years earlier. There was testimony that Mrs. Spring was not only visiting her son in Covington County but that she also visited a daughter in Florida, and a daughter in Texas and a daughter in Virginia. Surely such visitation is not sufficient to establish one as a freeholder or householder within the meaning of the statute or case law. This is particularly so when the exhibit attached to Defendant's Motion to Continue indicates clearly that Mrs. Spring refused to accept a letter from Defendant's counsel that was mailed to her at her Virginia address."
We again hold, as this Court did, in Pogue v. State, Ala.Cr.App., 429 So.2d 1159, 1160, cert. denied, Ala. (1983):
 "In Bufford v. State, 382 So.2d 1162, 1172-73
(Ala.Cr.App.), cert. denied, 382 So.2d 1175
(Ala. 1980), this Court held that the denial of a motion for new trial, based on the ground that one juror was not a resident of the county in which the offense was committed, was not error in the absence of a showing of prejudice to the accused.
 "`(T)he mere fact that she resided in an adjoining county does not per se require the reversal of this cause. Non residency in such a case does not impute prejudice per se. . . . Therefore, there is no inherent prejudice attributed to a trial by a non resident or non residents of the county in which the offense was committed.'
 "Although the incompetency of a juror because he is not a resident of the county in which the trial was had is ground for challenge for cause, `"the right to challenge ends, when the persons selected are sworn as jurors."' Carson v. Pointer, 11 Ala. App. 462, 465, 66 So. 910 (1914), quoting from Henry v. State, 77 Ala. 75, 77 (1884). . . ."
We conclude that appellant has failed to show any error prejudicial to defendant and that the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article, Constitutional Amendment No. 328; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.