# Penn *v*. Edwards.

### *Action on Judgment.*

1. *Plea of bankruptcy, and replication thereto.* — In an action on a judgment, a plea averring that, since the commencement of the suit, the plaintiff has become a bankrupt, and has obtained a certificate of discharge in bankruptcy, if verified as a plea *puis darrein continuance* (Rev. Code, § 2640), is a good plea in bar ; and a replication to such plea, averring that the plaintiff had, more than six months before said bankruptcy, assigned the judgment to another person, for whose use the suit is brought, is a sufficient answer to it.

2. *Admission of record by affidavit in cause.* — The affidavit of the plaintiff, made on a motion to set aside an entry of satisfaction of a judgment, that another person had an interest in the judgment jointly with him, is admissible evidence for the defendant under the plea of payment, in a subsequent action on the judgment, in support of partial payments made to that person.

3. *Compromise of judgment by one of joint owners.* — One of several joint owners of a judgment may compound or compromise his interest in it with the debtor without the consent of the others.

4. *Proof of payment of note.* — Possession of a promissory note by the maker, and of a receipt from the payee for the amount of the note, to be credited on the note, is sufficient to create a presumption of payment of the note.

APPEAL from the Circuit Court of De Kalb.
Tried before the Hon. W. J. HARALSON.

M. J. TURNLEY & SON, for appellant.

FOSTER & FORNEY, *contra*.

B. F. SAFFOLD, J. — The complaint alleged that the appellee, as plaintiff, claimed of the defendant, the appellant, $842.31, " due by judgment rendered at the Spring term, 1857, in favor of Roosevelt, Hyde & Clark, against said Penn and one L. P. Ward, who is not sued in this action ; which said judgment, with the interest thereon, is due, unpaid, and the property of the plaintiff." No objection was taken to the complaint. The defendant pleaded the general issue, or *nul tiel record*, payment, set-off, and accord and satisfaction ; on each of which issue was taken.

His third and fourth pleas objected the bankruptcy of the aintiff since the commencement of the suit. It was replied

[Alexander v. Rea.]

to them, that more than six months before the said bankruptcy, the plaintiff transferred the judgment to Alfred Collins, for valuable consideration. The plaintiff also took issue on them, and the defendants took issue on the special replication. These pleas, being since the last continuance, were not verified by affidavit, as required by R. C. § 2640. No evidence was given in support of them, or of the special replication. The result is the same as if there had not been such pleading. The pleas were proper ones, if sworn to, and the replication was a sufficient answer to them. *Valentine* v. *Holloman*, 63 N. C. 475; *Smalley* v. *Taylor*, 33 Tex. 668; *Woodall* v. *Holliday*, 44 Geo. 18; *Traders' Bank* v. *Campbell*, 14 Wall. 87–95; *Rhoades* v. *Blackiston*, 106 Mass. 334.

2. The petition of the plaintiff and Cox to set aside the entry of satisfaction of the judgment, which the defendant had previously procured without proper notice to them, was evidence of an admission that Cox had an interest in the judgment. As the receipt given by Cox for a partial payment was admitted in evidence, the purpose for which the petition was offered was fully accomplished, and no injury resulted to the defendant from excluding it. *Agee* v. *Medlock*, 25 Ala. 281.

3. The charge of the court, that if the plaintiff and Cox were joint owners of the judgment, Cox could not compromise his half interest with the defendants for anything less than the full amount of one half due, without the consent of the plaintiff, was erroneous. We see no reason why a joint owner of a judgment cannot sell his interest in it as freely as he obtained it. The fourth charge asked by the defendant, which was refused, asserted his right to do so, and ought to have been given.

4. The eleventh charge asked by the defendant was erroneously refused. A promissory note, in the possession of the maker, accompanied with a receipt by the payee for a like amount, to be credited on the maker's note to him, the receipt bearing date subsequent to the note, is sufficient to create a presumption of payment of the note. R. C. §§ 2685, 2686.

The judgment is reversed, and the cause remanded.