(90 South. 356)

**WHITEHEAD v. STATE.**    (4 Div. 937.)

(Supreme Court of Alabama.    June 30, 1921. Rehearing Denied Oct. 6, 1921.)

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Dan Whitehead was convicted of murder in the first degree and he appeals. Affirmed.

The case here is appealed on the record, and the only question presented is as to whether or not the plea in abatement interposed by the defendant is good. The pleas are as follows:

(1) That the indictment should be abated, because not found by a legally constituted grand jury, in that one of the members of said grand jury participating in the deliberations and proceedings leading up to the indictment, and in voting on the indictment, to wit, Barney Castelow, was at the time a legal resident of the state of Florida, and not a resident of the state of Alabama.

(2) That one of the members of the said grand jury participating in the proceedings thereof leading up to the indictment in this cause to wit, Barney Castelow, was not at the time a resident of the state of Alabama, but has a legal residence in the state of Florida at the time the jury commission of Geneva county, Ala., placed his name in the jury box, from which his name as a grand juror was drawn.

(3) That the indictment should be abated, because the grand jury that found said indictment was not drawn from a legal jury box as required by law in this state; that said box contained other name or names than male citizens of Geneva county between the ages of 21 years and 65 years of age.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The court erred in sustaining demurrers to the plea in abatement. Sections 6, 7 and 11, Const. 1901; Acts 1909, p. 305; 96 Ala. 120, 11 South. 424; 179 Ala. 27, 60 South. 908; 16 Ala. App. 197, 76 South. 487.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

GARDNER, J. Appellant was convicted of murder in the first degree, and his punishment fixed at life imprisonment. There is no bill of exceptions, the appeal being upon the record only.

But two questions are presented and argued by counsel, one relating to the plea in abatement, and the other to the matter of severance in the trial. These identical questions were considered in Babe Whitehead v. State, 90 South. 351,[1] a companion case to this, and this day decided adversely to the contention of appellant. The writer and Justice Thomas entertained the view that the demurrer to the plea in abatement considered in the Babe Whitehead Case should have been overruled, and dissented from the holding there; but the question, having been determined, is considered conclusive in the instant case. Upon the authority of Babe Whitehead v. State, present term, the judgment of conviction will be affirmed.

Affirmed.

All the Justices concur.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 288.