(113 So. 300)

**BATSON v. STATE ex rel. DAVIS, Solicitor.**
(6 Div. 798.)

Supreme Court of Alabama. May 26, 1927.

**1. Appeal and error ⬤⟼301—Denial of requested charge, to be reviewable, must be made ground of motion for new trial.**

Failure to give requested instruction must be called to court's attention in motion for new trial, to warrant review.

**2. Appeal and error ⬤⟼525(3)—Clerk's statement in record that charges in writing were requested and refused by court held not compliance with statute (Code 1923, § 9509).**

Statement of clerk injected into record proper, to effect that charges in writing were requested by the defendant in the presence of the jury before it retired and were refused by the court, is not a compliance with Code 1923, § 9509, requiring indorsement, "Given" or "Refused," on requested instructions.

**3. Appeal and error ⬤⟼525(3)—Denial of affirmative instructions in impeachment proceedings, not marked "Given" or "Refused," held not reviewable (Code 1923, § 9509).**

Denial of affirmative instructions in impeachment proceedings, not marked "Given" or "Refused," *held* not reviewable, in view of Code 1923, § 9509.

**4. Appeal and error ⬤⟼209(1), 301—Sufficiency of evidence in impeachment proceeding held not reviewable, where issue not raised at trial or on new trial (Code 1923, § 9507).**

In impeachment proceeding sufficiency of evidence to support averments of information *held* not reviewable, under Code 1923, § 9507, where question was not presented in trial court nor urged on motion for new trial.

**5. Officers ⬤⟼73—New trial in impeachment proceeding held not precluded by want of specific provision therefor in statute (Code 1923, § 4514).**

The fact that Code 1923, § 4514, makes no specific provision for new trial in impeachment proceeding does not preclude such trial or strike down the inherent power of common-law courts to grant a new trial, the proceedings being required to "be proceeded with in all respects as civil actions at law are conducted."

**6. New trial ⬤⟼1—Courts of record have inherent power independent of statute to set aside and vacate orders or judgments within term (Code 1923, § 9518).**

Courts of record have inherent power independent of Code 1923, § 9518, to set aside and vacate their orders or judgments within the term and for common-law causes.

**7. Appeal and error ⬤⟼528(1)—To warrant review of court's grant of new trial to state in impeachment proceeding, bill of exceptions must show motion therefor, evidence heard, and decision granting motion.**

To warrant review of court's grant of new trial to state in impeachment proceeding, bill of exceptions must present the motion therefor and the evidence offered in support of such motion and the decision granting it.

**8. Appeal and error ⬤⟼528(1)—Insufficiency of bill of exceptions held to preclude review of grant of new trial to state in impeachment proceeding.**

In impeachment proceeding court's grant of state's motion for new trial *held* not reviewable on defendant's appeal after second trial, in view of insufficiency of bill of exceptions.

---

⬤⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. **Appeal and error ⚖➝884—In impeachment proceeding defendant's voluntary dismissal of appeal from order granting state's motion for new trial held to preclude review thereof on appeal after second trial.**

Where defendant in impeachment proceeding appealed from judgment or order granting state's motion for new trial, and after Supreme Court had acquired jurisdiction voluntarily dismissed such appeal, *held* failure to prosecute the appeal or its voluntary dismissal amounted to a waiver of matters presented by the ruling appealed from.

10. **Pleading ⚖➝290(5)—Pleas of puis darrein continuance, not properly verified, held bad on demurrer (Code 1923, § 9471).**

In impeachment proceeding demurrer to pleas of puis darrein continuance, not verified as required by Code 1923, § 9471, *held* properly sustained.

11. **Criminal law ⚖➝163—In impeachment proceeding, pleas of puis darrein continuance, raising defense of former jeopardy because of former trial, held demurrable (Const. 1901, § 9; Code 1923, § 4514).**

On second trial of impeachment proceeding against member of county board of revenue pleas of puis darrein continuance, raising defense of former jeopardy because of former trial in which state had obtained grant of new trial, *held* bad on demurrer, Const. 1901, § 9, being inapplicable and so understood by the Legislature, in view of Code 1923, § 4514.

12. **Dismissal and nonsuit ⚖➝24—Dismissal of impeachment proceedings as to all members of county board of revenue except one held not release or discharge of that one.**

Dismissal of impeachment proceedings against all members of county board of revenue excepting defendant *held* not to operate as a release or discharge of defendant.

13. **Counties ⚖➝45—Specifications of information in impeachment proceedings against member of county board of revenue held sufficient (Code 1923, §§ 4497, 4519, 4521; Const. 1901, § 175).**

In impeachment proceedings against member of county board of revenue, specifications of information charging that defendant, as member of board of revenue of particular county, voted to purchase certain new motor trucks and as part payment therefor traded in second-hand trucks, the property of an engineering and construction company, and thereby prevented county from obtaining discount which it would have obtained had no used trucks been traded in, *held* sufficient, under Code 1923, §§ 4497, 4519, 4521, and Const. 1901, § 175.

14. **Officers ⚖➝73—Willful neglect of official duty warranting impeachment may be either an act of omission or commission.**

Willful neglect of official duty justifying impeachment may be either an act of omission or commission.

15. **New trial ⚖➝42(1)—That juror was alien held not to entitle defendant in impeachment proceeding to new trial (Code 1923, §§ 8609, 8610, 8659, 8662, 8663).**

In impeachment proceeding against member of county board of revenue, fact that particular juror was an alien *held*, under Code 1923, §§ 8610, 8659, 8662, 8663, not to entitle defendant to a new trial where court allowed proper opportunity for counsel to ascertain qualifications of jurors; section 8609 being applicable only to procedure in a "criminal case."

16. **Jury ⚖➝110(12)—Objection that juror is an alien comes too late after jury is qualified generally by the court and put to and accepted by parties (Code 1923, § 8662).**

Objection that juror is an alien comes too late after the jury is qualified generally by the court and put to and accepted by the parties, in view of right of parties, under Code 1923, § 8662, to test jurors on their voir dire as to their qualifications.

17. **Jury ⚖➝110(1)—Want of diligence in determining qualifications of jurors is generally waiver of ground of challenge. (Code 1923, § 8662).**

Failure of party to exercise reasonable diligence in determining qualifications of jurors, as permitted by Code 1923, § 8662, is a waiver of ground of challenge.

18. **Jury ⚖➝136(2)—In impeachment proceeding defendant is not entitled to two strikes to state's one in selecting jury (Code 1923, §§ 4497–4521, 8641, 8644, 8645).**

Impeachment proceeding, under Code 1923, §§ 4497–4521, being required to be conducted "in all respects as civil actions at law are conducted," defendant therein is not entitled to two strikes to the state's one in selecting jury; sections 8641, 8644, and 8645 being inapplicable.

Appeal from Circuit Court, Jefferson County; W. L. Parks, Judge.

Impeachment proceedings by the State of Alabama, on the relation of Jim Davis, Solicitor, against Stephen R. Batson, a member of the Board of Revenue of Jefferson County. From a judgment of impeachment, defendant appeals. Affirmed.

Hugh A. Locke and S. R. Hartley, both of Birmingham, for appellant.

Impeachment proceedings are highly penal in their nature and are governed by rules of law practicable to criminal causes; constitutional and statutory provisions on the subject of the procedure in such cases are to receive strict construction in favor of the accused. Nelson v. State, 182 Ala. 449, 62 So. 189; State v. Hasty, 184 Ala. 121, 63 So. 559, 50 L. R. A. (N. S.) 553, Ann. Cas. 1916B, 703; State v. Buckley, 54 Ala. 599; State v. Robinson, 111 Ala. 482, 20 So. 30; State v. Lovejoy, 135 Ala. 64; 33 So. 156; State v. Tally, 102 Ala. 25, 15 So. 722;

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

State v. Savage, 89 Ala. 1, 7 So. 7, 183, 7 L. R. A. 426. There being no constitutional or statutory provision for granting a new trial in impeachment proceedings, the state has no right to make such motions. And, where an invalid order is entered setting the verdict aside, no appeal being taken, the defendant cannot be again tried upon the same report or information. In an impeachment proceeding, the defendant is entitled to two strikes to the state's one. Author, supra. Where in impeachment proceedings the willful neglect of duty charged requires the action of a majority of the board, consisting of five members, and all of such members are proceeded against, a dismissal of such charges against three of said members is a dismissal of the charges against all. 12 C. J. 643; Casper v. State, 47 Wis. 535, 2 N. W. 1117; State v. Jackson, 7 S. C. 283, 24 Am. Rep. 476; State v. Tom, 13 N. C. 569; U. S. v. Hamilton, Fed. Cas. No. 15,288. Where the gravamen of the offense charged is an official vote alleged to have been cast, and there is no evidence tending to show the defendant cast such vote, the general charge for defendant should be given. Edwards v. State, 19 Ala. App. 129, 95 So. 560. An alien is not qualified to sit on a jury. Whitehead v. State, 206 Ala. 288, 90 So. 351.; State v. Primrose, 3 Ala. 548; Godau v. State, 179 Ala. 27, 60 So. 912; Code 1923, § 8610 (2). The duty is upon the court, in qualifying the jurors, to determine if they are citizens. Code 1923, §§ 8610, 8659.

Willard Drake, Asst. Sol., of Birmingham, and O. R. Hood, of Gadsden, for appellee.

The Supreme Court on a second appeal will not review proceedings of the lower court relative to the granting of a new trial, where the party aggrieved took an appeal from the order and said appeal was dismissed by the appellant. Greely v. Cottingham (Ala. Sup.) 39 So. 567; Ala. City R. Co. v. Bates, 155 Ala. 347, 46 So. 776; McGeever v. Terre Haute Brew. Co., 201 Ala. 290, 78 So. 66; Sellers v. Dickert, 194 Ala. 661, 69 So. 604; 1 A. R. L. 725, note. The defense of former jeopardy is not applicable in an impeachment proceeding. Const. 1901, § 9; Code 1923, § 4514; 1 Wharton's Cr. L. (11th Ed.) 513; 16 C. J. 232, 235; People v. Meakim, 133 N. Y. 214, 30 N. E. 828; 8 R. C. L. 136; Rupert v. State, 9 Okl. Cr. 226, 131 P. 713, 45 L. R. A. (N. S.) 60; People v. Miner, 144 Ill. 308, 33 N. E. 40, 19 L. R. A. 342; Portland v. Erickson, 39 Or. 1, 62 P. 753. Conspiracy was not alleged, and was not necessary to be proved. 21 R. C. L. 436. It is only in misdemeanor, noncapital and capital felonies that a defendant is entitled to two strikes to one for the state. Code 1923, §§ 4508, 8641, 8645, 8663; Dorgan v. State, 72 Ala. 173; Smith v. State, 13 Ala. App. 411, 69 So. 406. Where there is reasonable inference of a fact which would make the question one for the determination of the jury, the general charge will not be given. Empire Coal Co. v. Martin, 190 Ala. 169, 67 So. 435. The statute requires that charges requested by parties be marked "given" or "refused," before they can become a part of the record and subject to review. Code 1923, § 9505; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Fowler v. Pritchard, 148 Ala. 269, 41 So. 667; Ala. Const. Co. v. Wagnon Bros., 137 Ala. 389, 34 So. 352. The fact that a juror is an alien is ground for challenge, but an objection comes too late after verdict. 16 C. J. 1158; Herndon v. State, 2 Ala. App. 118, 56 So. 85; Kohl v. Lehlback, 160 U. S. 293, 16 S. Ct., 304, 40 L. Ed. 432; Raub v. Carpenter, 187 U. S. 159, 23 S. Ct. 72, 47 L. Ed. 119; Code 1923, § 8662. Where the affirmative charge is not requested, nor the sufficiency of the evidence presented in any other manner in the trial court, the evidence is not reviewable on appeal. Parcus v. State, 19 Ala. App. 592, 99 So. 662; McPherson v. State, 198 Ala. 5, 73 So. 387; Tucker v. State, 202 Ala. 5, 79 So. 303; Anderson v. State, 209 Ala. 36, 95 So. 171.

THOMAS, J. The last trial resulted in verdict and judgment convicting appellant on the charge of "willful neglect of duty while in office as charged in information."

[1, 2] Appellant made motion for a new trial and to set aside the verdict and judgment, which was overruled. Said motion and judgment on the motion and exception reserved are set out in the bill of exceptions. There are many documents contained in the record proper purporting to be written charges; they are not indicated by indorsement as "Given" or "Refused" by the trial judge, as provided by statute to become a part of the record proper (section 9509, Code; Tuskaloosa County v. Logan, 50 Ala. 503; Little v. State, 58 Ala. 265; Mobile Saving Bank v. Fry, 69 Ala. 348; A. G. S. R. Co. v. Dobbs, 101 Ala. 219, 12 So. 770; Nuckols v. State, 109 Ala. 2, 19 So. 504), and they are not incorporated in the bill of exceptions, or made a ground of the motion for a new trial. It has long been declared that the party requesting such charges must have called the failure to the attention of the trial court before he can be heard to complain in this court of such action. Ala. Const. Co. v. Wagnon Bros., 137 Ala. 389, 34 So. 352; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Fowler v. Pritchard, 148 Ala. 261, 269, 41 So. 667. The statement of the clerk injected into the record proper, to the effect that said charges in writing were requested by the defendant in the presence of the jury before it retired "and were refused by the court," is not a compliance with the statute and orderly procedure provided for a trial.

[3] Affirmative instructions on both counts or specifications of the information are con-

tained in said alleged charges, and will not be considered on this appeal. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Ala. Const. Co. v. Wagnon Bros., 137 Ala. 389, 34 So. 352.

[4] Appellant's insistences, made for the first time in this court, that the evidence supporting the averments in the information that he, as a member of the board of revenue, voted for the resolutions in question were not sufficient to justify his conviction, will not now be considered. The sufficiency of the evidence was not presented in the court below, included or urged in the main trial, nor on the hearing of the motion for a new trial. That is to say, so far as this record shows, appellee on the second trial did not employ any of the authorized methods of requiring the court to rule as to former pleading, or to instruct the jury on the effect or sufficiency of the evidence. Section 9507, Code; Goff v. Sellers (Ala. Sup.) 111 So. 210;[1] S. A. L. R. Co. v. Savage (Ala. Sup.) 109 So. 748.[2] There was no motion to exclude the evidence nor demurrer to the evidence. A proper exception or invocation or ruling is necessary to a review. Ex parte State ex rel. v. Smith, 204 Ala. 389, 85 So. 785; Anderson v. State, 209 Ala. 36, 95 So. 171.

[5, 6] The fact that an appeal was provided by section 4514 of the Code of 1923, and that no specific provision for new trial is found in the chapter on impeachment does not exclude such trial, required to "be proceeded with in all respects as civil actions at law are conducted," from the operation of the general statutes for new trials. The intent to strike down the power of the common-law courts, in the exercise of its inherent power to grant a new trial where seasonably made and on recognized grounds at common law, is not clearly evidenced in the statute. Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748; 29 Cyc. 722, 727, 759. That is to say, courts of record have inherent power independent of the statute to set aside and vacate their orders or judgments within the term and for common-law causes. 15 R. C. L. 688. The four months' statute (Code 1923, § 9521) has been expressly declared to be cumulative and concurrent, and not exclusive of equity jurisdictions. Ingram v. Ala. Power Co., 201 Ala. 13, 75 So. 304; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Harris v. Harris, 208 Ala. 20, 93 So. 841. And the statute, section 9518 of the Code, as observed by the codification thereof, is but the statement "of case law on the subject."

[7, 8] And it is further established that it is necessary to a review to present by bill of exceptions the motion and evidence offered on that motion for a new trial that

was granted the state, and also the decision granting the same. Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389; Stokes v. Hinton, 197 Ala. 230, 72 So. 503. For this failure appellant is not entitled to review the ruling of the trial court in granting the state a new trial. The judgment or ruling on the state's motion for a new trial granting the same was in general terms in response to a motion therefor predicated on many grounds. The appellant, defendant, appealed to this court from such judgment or order, and after this court had acquired jurisdiction thereof the same was voluntarily dismissed by said appellant. That dismissal is reported as Batson v. State, 214 Ala. 696, 108 So. 919.

[9] The failure or declination of appellant to prosecute that appeal and voluntarily procuring its dismissal by this court was a waiver of matters duly presented by that ruling and appeal therefrom. Sellers v. Dickert, 194 Ala. 661, 69 So. 604; Ala., etc., Co. v. Bates, 155 Ala. 347, 46 So. 776; McGeever v. Terre Haute Co., 201 Ala. 290, 78 So. 66. This is the general rule in the premises. 1 A. L. R. 725. It was applied in Ala., etc., Co. v. Bates, supra, as follows:

" 'The general rule is that on a second or subsequent appeal or writ of error the court will not consider matters assigned as error which arose prior to the first appeal or writ of error, and which might have been raised thereon, but were not, or matters appearing in the original record, which might have been corrected on the first hearing, but were not urged.' 3 Cyc. 398. This court will take judicial notice of the record in the former appeal of this identical case."

[10] At the second trial and the refiling of the information, appellant did not invoke action of the court on the former motions— to strike and quash—or to demur to the information as amended and filed. The record recites that after the motion for a new trial had been granted the state, and the verdict and judgment of not guilty set aside, that on May 24, 1926, the issue was again called for trial, and defendant filed pleas of puis darrein continuance. These pleas were not verified as required by statute of pleas, "since the last continuance," and for this reason the demurrer was properly sustained thereto. Code of 1923, § 9471; A. G. S. R. Co. v. Loveman Co., 196 Ala. 683, 72 So. 311; Penn. v. Edwards, 50 Ala. 63.

[11] Aside from the lack of verification, demurrer to said pleas was properly sustained. It was sought thereby to set up the defense of former jeopardy, because of the first trial and favorable verdict and judgment that was set aside by the court on motion of the state. The Bill of Rights, and its section 9 of the Constitution, only prohibited a person from being twice put in jeopardy of life or limb for the same of-

---

[1] 215 Ala. 489.

[2] 215 Ala. 96.

fense. This did not apply to impeachment, though in some respects criminal. State ex rel. Atty. Gen. v. Robinson, 111 Ala. 482, 20 So. 30. The Legislature so understood, in giving the right of an appeal to the state in section 4514 of the Code. The statute gave the right to the unsuccessful party to appeal from a final judgment or decree—of conviction or acquittal in impeachment. Any other construction would render section 4514 of the statute offensive to section 9 of the Constitution. This is the view expressed in 1 Wharton's Criminal Law (11th Ed.) 513; 16 C. J. 236, § 6; People v. Miner, 144 Ill. 308, 33 N. E. 40, 19 L. R. A. 342, 343; Portland v. Erickson, 39 Or. 1, 62 P. 753. The demurrers were properly sustained to pleas of puis darrein continuance of former jeopardy presented and filed on date of the last trial of date of May 24, 1926, setting up the verdict of discharge or release by the jury after issue joined on the first trial, and which judgment was set aside by the granting of a new trial on due motion of the state.

[12] The dismissal of the cases against other members of the board of revenue did not operate as a release or discharge of the defendant officer. Appellant's counsel admit the information did not charge a conspiracy. There was no charge of conspiracy in the finding of the grand jury as to the said member of the board of revenue; the grand jury charged that each official under his oath of office was responsible and impeachable under the law by the sovereign state. A conspiracy not being averred in information, proof thereof was not required; such are the general rules of pleading. 21 R. C. L. 436.

According to appellant's written notice of appeal, it was taken from the judgment on the last trial of date of May 27, 1926, and that overruling his motion for a new trial of date of July 27, 1926. Appellee's counsel well insist, and as we have indicated, that the original rulings and order on the first trial are not renewed and presented on the second trial for review. Having voluntarily dismissed and abandoned his former appeal, he is limited to the issues and questions then duly presented. This he conceived, or impliedly admitted, in the restricted limits given his motion for a new trial—directed as it was solely to the alleged disqualification of the juror Davies.

It should, however, be observed that neither the grand jury report nor the information charged a conspiracy of defendant with others. This is conceded in brief. The report merely stated the facts as required by the statute (sections 4497, 4521, 4519, Code of 1923), and the decisions of this court. State v. Seawell, 64 Ala. 225; Brown v. State, 209 Ala. 490, 96 So. 475; State v. Savage, 89 Ala. 1, 7 So. 7, 183, 7 L. R. A. 426. It is as follows:

"That on, to wit, January 25, 1925, the said Stephen R. Batson, while acting as a member of the board of revenue of Jefferson county, Ala., and under color of his office, did vote to purchase from Drennen Motorcar Company, and there were purchased by said board five new trucks for the use of said county, and as part payment therefor did trade in five secondhand trucks, the property of the Bessemer Engineering & Construction Company, that an allowance for said secondhand trucks of $7,000 by said Drennen Motorcar Company was received by said board of revenue of Jefferson county, Ala., and was thereafter by said board, with the concurrence of said Stephen R. Batson, paid to the said Bessemer Engineering & Construction Company; that the list price of each of said trucks was $4,200, on which Jefferson county was entitled to a discount or rebate amounting to $840 on each truck, or $4,200 for the five trucks, provided no secondhand trucks were traded in as part payment, all of which was known to the said Stephen R. Batson, and as a result of said wrongful act Jefferson county was defrauded in the total sum of $4,200.

"That on, to wit, January 25, 1925, the said Stephen R. Batson, while acting as a member of the board of revenue of Jefferson county, Ala., and under color of his office, did vote to purchase from Drennen Motorcar Company, and there were purchased by said board, five new automobile trucks for the use of said county and as part payment therefor did trade in five secondhand trucks, which had been purchased from the Bessemer Engineering & Construction Company for $7,000 for the sole purpose of being so traded in; that an allowance for said secondhand trucks of $7,000 by said Drennen Motorcar Company was received by said board of revenue of Jefferson county and was thereafter by said board, with the concurrence of said Stephen R. Batson, paid to the said Bessemer Engineering & Construction Company, that the list price of each of said trucks was $4,200, on which Jefferson county was entitled to a discount or rebate amounting to $840 on each truck, or $4,200 for the five trucks, provided no secondhand trucks were traded in as part payment, all of which was known to the said Stephen R. Batson, and as a result of said wrongful act Jefferson county was defrauded in the total sum of $4,200."

To an understanding of the charge against defendant, under the Constitution, § 175, and statutes. we advert to the rule stated in Nelson v. State ex rel. Blackwell, 182 Ala. 449, 461, 62 So. 189. Judge Sayre had quoted with approval from Mr. Justice Somerville (State v. Savage, 89 Ala. 1, 7 So. 7, 183, 7 L. R. A. 426), to the effect that the grounds of impeachment were such as tend to reflect upon the dignity of the office to generate disrespect, to create dissatisfaction among the people, and to cripple the administration of justice. He then observes:

" * * * That neglect of official duties, to be willful, to authorize forfeiture of office, must be characterized by a certain moral or intellectual quality different from that implied in the mere intentional doing, or failing to do, an act. The implication is of a different and

more enduring status of the mental or moral faculties. There seems to be required such a determined, perverse, and obstinate neglect of official duty as will authorize an inference and finding that defendant is so morally or intellectually constituted as to be unfit for the duties of a public office. No doubt there are cases in which sufficient ground for such conclusion and for impeachment may be found in the proof of a single act of commission or omission. An occasion calling for the performance of official duty may be of such great public importance, the duty itself so undeniable and so morally urgent, conditions so insistent, as to justify and require removal from office on proof of a single act or omission; and, of course, repeated legal sins of commission or omission will furnish evidence of unfitness. Our conclusion is that the Constitution does not intend that proof of an isolated technical violation of law shall inflexibly require a judgment of impeachment; that the willful neglect of which it speaks means more than the merely intentional omission of an act of public duty; that, to justify, removal from office, it must appear that the incumbent is morally or mentally unfit; that unfitness is an inferential fact to be found by the jury which the Constitution guarantees in the cases of officers impeachable in the circuit or other court of like jurisdiction."

[13, 14] Under this definition, the specifications of the information on which trial was had were not subject to demurrer, if the argued ruling on demurrer had been presented on the last trial. And the evidence in support thereof presented a jury question of controverted fact, and it was found for the state and against the defendant. Jones v. Bell, 201 Ala. 336, 77 So. 998; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. And this willful neglect of official duty may be either an act of omission or commission provided only that it is such or that it is of the disqualifying gravity as is embraced in the definition of willful neglect, etc., of official duty, as defined by Nelson v. State, 182 Ala. 449, 62 So. 189. We have heretofore indicated that the sufficiency of the evidence under the rule of the case is not properly presented. It will conserve no good purpose to further discuss the facts of the question that was presented under the pleading and as is indicated by the evidence. Under our rule the controverted question of fact was for the jury. The sufficiency of evidence is not presented.

[15] We are brought to the consideration of the sole ground of the motion for defendant's new trial—the fact that Juror Davies was an alien. The provisions of section 8609 of the Code have application to procedure in a "criminal case." The court complied with the statute in qualifying the jury generally. They were asked:

"Gentlemen, are each of you over the age of 21 and under the age of 65? Are you householders and freeholders of this county, and have you been for the past 12 months? Were either of you on the jury that tried this case before? Are either of you related by blood or marriage to the defendant, Stephen R. Batson? Are either of you related by blood or marriage to any member of the board of revenue, against whom impeachment proceedings are pending? Are either of you witnesses in the case? Do either of you have any excuses to offer as to why you should not serve as a juror in this case, other than business excuses?

"The Court: Are there any other questions either side wants asked?

"Mr. Hood: Later on, when it comes to selecting the jury, we may want to ask some other questions.

"The Court: Either side may ask any questions you desire about any juror now, or you can ask it later. These questions are just going to their qualifications generally."

The failure of response must be taken as that of satisfaction on each side. The provision that it was the duty of the court to ascertain that jurors possess the qualifications required by law and that the duty "shall be considered imperative" (section 8659, Code of 1923) comes to us from the Code of 1876, § 4760. It was declared in James v. State, 53 Ala. 380, that objection as to some members of a jury being impaneled comes too late if delayed until the jury is completed. And that it was not essential that the record show compliance with section 8659 of the Code of 1923 (James v. State, supra), the presumption being that the court did its duty in the premises. That juror Davies was not a citizen of the county and state was a ground of challenge as a juror. Sections 8610, 8663, Code; Letson v. State (Ala. Sup.) 110 So. 21.[3] It did not invalidate the verdict and judgment rendered by his not being challenged. Kohl v. Lehlback, 160 U. S. 293, 16 S. Ct. 304, 40 L. Ed. 432; Raub v. Carpenter, 187 U. S. 159, 23 S. Ct. 72, 47 L. Ed. 119.

[16, 17] The objection that the juror is an alien comes too late after the jury was qualified generally by the court, as indicated, and put to and accepted by the parties. Herndon v. State, 2 Ala. App. 118, 56 So. 85; Carson v. Pointer, 11 Ala. App. 462, 66 So. 910. The right of parties to test jurors on the voir dire as to their qualifications or grounds of challenge (section 8662, Code) is secured in civil and criminal cases in Nix v. Andalusia, 21 Ala. App. 439, 109 So. 182. The general rule is that in failing in a reasonable diligence in this behalf there is waiver of ground of challenge. 20 R. C. L. 241; 18 L. R. A. 475; 68 L. R. A. 885; 16 C. J. 1158.

That is to say that the effect of the adoption of section 8662 of the Code of 1923 authorizing either party, in civil or criminal cases, to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, as in other states with

---

[3] 215 Ala. 229.

like statutes, it is held that the parties in interest are charged with the duty of examining jurors on their voir dire for grounds of challenge, and, not so doing, cannot complain on motion for a new trial. Eastman v. Wight, 4 Ohio St. 156; State v. Jones, 89 S. C. 41, 71 S. E. 291, Ann. Cas. 1912D, 1298; Ryan v. Riverside, 15 R. I. 436, 8 A. 246; Stewart v. Ewbank, 3 Iowa, 191; State v. Whitesides, 49 La. Ann. 352, 21 So. 540; Arkansas Southern Railway Co. v. Loughridge, 65 Ark. 300, 45 S. W. 907; Ferrell v. State, 45 Fla. 26, 34 So. 220; Turner v. Hahn, 1 Colo. 23. The court called upon the parties to exercise their rights under the statute.

Counsel for appellant cited three cases from this court in support of the granting of the new trial as to Juror Davies. These cases are not in point. In State v. Primrose, 3 Ala. 546, defendant filed a plea in abatement to indictment setting out the fact that a member of the grand jury finding indictment against him was an alien. When defendant filed his plea he had not waived anything, and this was his first opportunity to challenge the right of citizenship of the member of the grand jury. The effect of that decision was that the alien was not a qualified juror. In Godau v. State, 179 Ala. 27, 60 So. 908, it was declared that only citizens are qualified to serve as jurors in this state, and that the court "properly held that Lester Bodden, a British subject, was not competent to serve as a juror on defendant's jury." This was a mere reiteration of the principle announced in the Primrose Case. The case of Whitehead v. State, 206 Ala. 288, 90 So. 351, supports the state's contention. There the defendant filed a plea to the merits and was held to waive the irregularity that a member of the grand jury voting on the indictment was a nonresident. In the Batson Case he had the right and was given the opportunity on voir dire to ascertain the qualifications of the petit jurors. In the Whitehead Case the nonresident juror was a member of the grand jury, and yet the majority opinion was that defendant waived the disqualification by merely pleading not guilty to the indictment. And in the case of Dan Whitehead v. State, 206 Ala. 399, 90 So. 356, it is said:

"But two questions are presented and argued by counsel, one relating to the plea in abatement, and the other to the matter of severance in the trial. These identical questions were considered in Babe Whitehead v. State, 206 Ala. 288, 90 So. 351, a companion case to this, and this day decided adversely to the contention of appellant."

The court, having completed the general qualifications of jurors, specifically requested of the parties if "there were other questions either side may want to ask, these questions (asked by the court) are just going to their qualifications generally. Either side may ask any questions you desire about the jurors now, or you can ask it later." Thus the court discharged its duty (section 8659, Code) as to ascertaining the qualifications of the jurors. The court gave due opportunity to the parties and the failure on their part amounted to an announcement of satisfaction, or at least to that of a waived right to set up that failure by motion for a new trial. The objection by motion for a new trial, that the court failed to ascertain qualifications of the jurors, was too late or was waived. James v. State, 53 Ala. 380; Hill v. State, 210 Ala. 221, 225, 97 So. 639; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728; Nix v. Andalusia, 21 Ala. App. 439, 109 So. 182; Letson v. State, 215 Ala. 229, 110 So. 21.

[18] The statute for impeachment, volume 2 of the Code, §§ 4497–4521, makes no provision for striking juries. At common law neither party was entitled to strike a jury except in capital cases. Dorgan v. State, 72 Ala. 173. The two provisions of the Code (sections 8641, 8645) are the only two statutes granting a defendant in any proceeding the right to two strikes to the state's one in selecting a jury. The proceeding for impeachment of an official as to the jury and the right to strike is like bastardy; it partakes both of the nature of civil and criminal actions. In bastardy, there is no provision for striking juries, and our court said that it was not error for the trial court to deny defendant the right to strike peremptorily two jurors to the state's one. He was allowed to strike as in civil cases. Dorgan v. State, 72 Ala. 173, 175; Smith v. State, 13 Ala. App. 411, 69 So. 406; Hymes v. State, 209 Ala. 91, 95 So. 383.

The statute having provided the procedure "in all respects as civil actions at law are conducted, with the right to either party to except, * * * as in civil causes; and the defendant shall be entitled to a trial by jury on any issue of fact, whenever he demands the same" (Code of 1923, § 4508), and being no statute providing the method of striking juries in impeachment, and the statute permitting the defendant two strikes being confined to misdemeanors, and noncapital felonies (section 8641, Code) and capital felonies (sections 8644, 8645), the defendant in impeachment is only entitled to the same number of strikes as the state. This the lower court permitted; and a struck jury was not demanded. Section 8663, Code of 1923. There was no error in the rulings of which complaint is made.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.