TAYLOR, Judge.
Melvin Peterson was convicted of possessing a pistol after having been previously convicted of a crime of violence, to-wit: first degree robbery, a violation of § 13A-ll-72(a), Code of Alabama 1975. He was sentenced as a habitual offender to five years’ imprisonment, to run consecutively to the prior robbery ten year sentence.
. Two Montgomery police officers were patrolling an area of town in response to an earlier police radio call about criminal activity in that area. A man, later identified as the appellant, ran across the street in front of the officers, apparently running away from something, so the officers shouted for him to stop. The appellant stopped, and when he was told to put his hands on a tree for a pat-down, he dropped a Raven .25-cali-ber nickel plated automatic pistol. The appellant was then arrested.
Now on appeal the appellant claims that the police officers lacked probable cause to stop him, and thus that the weapon must be suppressed as the fruit of an unconstitutional arrest. This is the first time the appellant has asserted such an argument, and therefore it is not properly before us for review. Ex parte O’Leary, 417 So.2d 232 (Ala.1982), cert. denied, 463 U.S. 1206, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983); Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984). See cases collected at 6B Alabama Digest Criminal Law § 1028 (1979). Nevertheless, even if the issue had been preserved, it would be decided against him. We so held recently in Richardson v. City of Trussville, [Ms. 6 Div. 595, November 26,1985] (Ala.Cr.App.1985). A case apparently contrary to our holding today is *558 Swicegood v. State, 448 So.2d 433 (Ala.Cr.App.1983). However, that case is distinguishable in that the record shows that the officers, with guns drawn, arrested the individuals without having the requisite objective facts necessary to warrant the initial stop.
The appellant also correctly states that the record fails to show that he was advised of his Miranda rights. The record also fails to show a proper objection regarding this omission. The prosecution was not required to show compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because during its case in chief it did not attempt to introduce any statements purportedly uttered by the appellant as a result of police custodial interrogation.
There being no other issues raised by the appellant, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.