McMILLAN, Judge.
The appellant was convicted of trafficking in cannabis and was sentenced to 25 years’ imprisonment, pursuant to the Habitual Felony Offender Act. He was also ordered to pay a fine of $25,000.
I
The appellant argues that the trial court erred by allowing a juror to serve on the jury after she had indicated that she could not be fair because of her disdain for drug users and that she might tend to side with the State and the prosecution’s evidence. However, the record indicates that the appellant never attempted to strike this juror, either for cause or by using one of his peremptory challenges. After the jury was sworn and empaneled, defense counsel made a motion for mistrial based on the prospective juror’s statements concerning her biases and partiality. However, as the trial court noted, the appellant had the opportunity to strike this juror and failed to do so. The appellant waived this matter by failing to object. Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300 (1927).
II
The appellant argues that the trial court erred by counting one of his strikes against a prospective juror as a peremptory challenge, when the appellant intended it to be a challenge for cause. The record indicates that, upon questioning a prospective juror, the veniremember indicated that he would tend to believe the testimony of a police officer over that of another witness. Defense counsel then attempted to move to strike the prospective juror for cause. The trial court responded that such challenges should be made at the close of the voir dire. Following the voir dire, the appellant failed to make any challenges for cause. When the striking process began, the court indicated that the State would get seven strikes and the defendant would get six. The State took the first strike, following which defense counsel stated, “Judge, we’d like to strike number 25 [the prospective juror in question] for cause.” The trial court stated, “The defendant strikes number 25?” The process then continued. The appellant received five additional strikes. Thereafter, the appellant failed to bring to the trial court’s attention the claim that he had intended that first strike to be a strike for cause rather than one of his peremptory challenges.
However, following the swearing and empanelling of the jury, the appellant made a motion for mistrial, during which he indi *783 cated that he had intended that strike to be a challenge for cause. The trial judge stated that he did not understand it as such and that the appellant had had the opportunity to make any challenges for cause following the voir dire and prior to making the peremptory challenges. This objection to the matter by the appellant was untimely. Cf. Williams v. State, 530 So.2d 881, 884 (Ala.Cr.App.1988), cert. denied 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989) (wherein this court discussed the importance of a timely objection to a Batson violation, noting that the objection should be made before the jury was sworn and the unselected veniremen had been released in order to avoid such difficulties as delay and “sandbagging” and to allow the trial court the opportunity to remedy the error and save the case. Id. at 884.)
Ill
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal, because, he argues, the State failed to present sufficient evidence to show actual or constructive possession. However, the State presented testimony that the appellant, after seeing the police, jumped out of the car and attempted to flee and that then, just prior to his arrest, he told one of the officers that there were 19 one-pound bags of marijuana in the trunk. Knowledge of the presence of controlled substances may be proved by an appellant’s declarations or admissions. Shaneyfelt v. State, 494 So.2d 804, 806 (Ala.Cr.App.1986), quoting Lyons v. State, 455 So.2d 295, 296 (Ala.Cr.App.1984). Although the appellant denied that he made that statement to the officer, witnesses’ credibility is a question for the jury. Parrish v. State, 494 So.2d 705, 709 (Ala.Cr. App.1985); Whitlow v. State, 509 So.2d 252, 256 (Ala.Cr.App.1987).
Furthermore, the State presented other circumstantial evidence, testimony concerning the appellant’s flight from the car upon seeing the police, as tending to establish his knowledge of the presence of prohibited' substances. Cf. Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App.1985) (recently stolen property found in the back seat of the vehicle the defendant was driving and his flight from the vehicle upon discovery constituted sufficient evidence to submit case to the jury). See also Shaneyfelt v. State, supra, at 806 (defendant’s knowledge of presence of narcotics could also be inferred from “the activity in the living room (i.e., moving around, saying ‘police’) just prior to the officers’ entry”). “Flight is a circumstance which the jury may consider in determining guilt. Bighames v. State, 440 So.2d 1231, 1234 (Ala.Cr.App. 1983).” Carlisle v. State, supra, at 1206.
The State presented sufficient evidence from which a jury could reasonably conclude that the appellant had the requisite knowledge for a conviction of trafficking in marijuana.
IV
The appellant argues that the trial court erred in allowing the prosecution’s forensic expert to testify concerning the weight of the marijuana, because, he says, the prosecution failed to establish a proper predicate concerning the accuracy of the measuring instruments. However, the record indicates that the appellant made no objection to the admission of this evidence at trial; therefore, this issue has not been preserved for appellate review. Wiggins v. State, 513 So.2d 73 (Ala.Cr.App.1987).
V
The appellant argues that the trial court’s comment to the jury that the substance found was marijuana, made during the oral charge, was reversible error. However, the appellant failed to object or except to the trial court’s oral charge. Therefore, this matter has not been preserved for appellate review. Brown v. State, 369 So.2d 881 (Ala.Cr.App.1979).
VI
The appellant argues that he was not afforded reasonable notice of the State’s intention to proceed under the Habitual Felony Offender Act and was thereby denied his rights to due process. However, the record indicates that at sentenc- *784 mg the appellant made no objection concerning the adequacy of notice. The only objection raised concerned the classification of the appellant’s prior convictions as felony convictions. Montgomery v. State, 446 So.2d 697 (Ala.Cr.App.1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291, 83 L.Ed.2d 227 (1984).
VII
The appellant argues that the State failed to show that there was sufficient probable cause for his stop and ultimate arrest. The record indicates that the arresting officer testified as to the actions taken by the police after receiving certain information from a confidential informant. At trial, defense counsel objected to the admission of any of the information received from the confidential informant and the trial court sustained the appellant’s objection. The officer continued to testify concerning his course of action, after having received the information, whereupon the defense counsel objected to any testimony regarding the confidential informant and requested to take the witness on voir dire. The trial court responded by saying that the witness was not testifying as to any information concerning the informant, but rather as to what he and the other officers did. The trial court overruled defense counsel’s objection. The appellant failed to make a motion to suppress or any objection on the basis of insufficient probable cause.
“When the police make an arrest or search without a warrant, they initially make the probable cause decision themselves. The ‘on-the-scene assessment of probable cause provides a legal justification for arresting a person suspected of a crime, and for a brief period of detention to take the administrative steps incident to arrest,’ but an ex parte ‘judicial determination of probable cause [is] a prerequisite tq extended restraint on liberty following arrest.’ ... Otherwise, a subsequent judicial determination of whether there was probable cause for the war-rantless police action will ordinarily occur only if initiated by the defendant upon a motion to suppress evidence claimed to be a fruit of an illegal arrest or search.”
LaFave and Israel, Criminal Procedure (1984), § 3.3(a). (Footnotes omitted.)
Thus, because the appellant failed to raise at trial the issue of insufficient probable cause to arrest, this issue is precluded from appellate review. Peterson v. State, 484 So.2d 557 (Ala.Cr.App.1986); Thomas v. State, 447 So.2d 203 (Ala.Cr.App.1984).
AFFIRMED.
All the Judges concur.